## NICKERSON *versus* SAUNDERS.

An agreement, made by the grantee at the time of the sale and conveyance of the land, to pay a sum additional to that expressed in the deed, is valid and binding.

Nor is its validity impaired, if the additional sum rests in contingency.

And such contract may be enforced, though made by parole.

EXCEPTIONS from *Nisi Prius*, RICE J., presiding.

ASSUMPSIT, for money had and received.

Plaintiff, in 1846, sold to the defendant a piece of land and gave him a warranty deed. The consideration named in the deed was paid.

At the time of the sale, a petition was pending before the county commissioners for an alteration or discontinuance of a road which passed by the land. Subsequently the road was discontinued and damages allowed therefor, and paid to defendant to the amount of fifty dollars.

The plaintiff proved, that at the time of the sale of said land, it was agreed by parole between them, that in case the road should be altered or discontinued and damages allowed therefor, the plaintiff should have the same as a part of the consideration of said sale. The admission of this testimony was objected to, but admitted by the Court. A verdict was returned for plaintiff and the defendant excepted.

*N. Abbott*, for defendant.

*A. T. Palmer*, for plaintiff.

TENNEY, J. — Though it has been held in this State, that a grantor in a deed of conveyance of land, is estopped to deny that he has received the consideration, which he has expressly acknowledged in the deed ; it is well settled, that it is competent for him to prove an additional consideration not expressed.

*Tyler* v. *Carlton,* 7 Greenl. 175, and cases cited. With as great propriety, may he receive a sum of money, in the hands of a third person, which by the agreement, made and completed, when the deed was executed and delivered, was set apart and agreed to belong to him. This tends in no degree to contradict the deed ; as between the parties it becomes the property of the grantor, and if it should afterwards be paid to the grantor, the latter would hold it in trust for the former. If the additional sum rests in contingency, the principle is no less reasonable and is equally applicable.

In this case the grantor received the full sum agreed upon, as the value of the land, situated as it was at the time of the conveyance. But there was a petition pending for an alteration, or discontinuance of a road, which passed by the land ; and it was agreed that whatever sum should be allowed as damages for the alteration or discontinuance of the road, the plaintiff should have as a part of the consideration. The sum was allowed, and received by the defendant. It was at the time of its receipt, the money of the plaintiff, by virtue of an agreement, which was in all respects valid ; and he is entitled to recover it in the equitable action of money had and received. *Exceptions overruled.*

SHEPLEY, C. J., and HOWARD, APPLETON and HATHAWAY, J. J., concurred.