McGINNESS v. BARTON.

1. **Statute of Frauds:** SALE OF LAND: TRUST. An agreement that the grantee of land shall take, hold and dispose of the same for the benefit of another, is within the statute of frauds, and cannot be established by parol.

*Appeal from Shelby District Court.*

SATURDAY, JUNE 11.

THIS action was brought to recover certain money alleged to be due the plaintiff, Ida McGinness, as guardian of her minor sister, Ella Barton. There was a trial to a jury, and verdict was rendered for the defendant, and judgment was rendered against the plaintiff for costs. She appeals.

*Smith & Culleson,* for appellant.

*Sapp & Pusey* and *J. W. De Silva,* for appellee.

ADAMS, CH. J.—The court gave an imperative instruction to the jury to render a verdict for the defendant, and a verdict was rendered accordingly. The instruction, we think, must have been given upon the theory that no evidence was offered by the plaintiff tending to support any proper issue tendered by the petitioner. The plaintiff sought to recover upon two counts. In the first she averred, in substance, that one Asher Barton, (now deceased,) father of her ward, owned, in his life-time, certain real estate, and conveyed the same to the defendant; that the consideration for the sale and conveyance was the verbal agreement of the defendant to pay off all indebtedness of the decedent which was a lien against the property, and take and hold the same until such time as the defendant should think was the best time to sell the same, and out of the proceeds of the sale reimburse himself for money advanced in discharging the liens, and the remainder he should pay to the decedent's daughter, Ella Barton; that in April, 1881, the defendant sold the property for $1,700,

McGinness v. Barton.

which was more than enough to pay him for money advanced, and that he refused to pay to Ella Barton the remainder, as by his agreement with his grantor he had bound himself to do. In the second count, she averred, in substance, after setting out the property, and the ownership thereof by Asher Barton, that the latter sold and conveyed the property to the defendant for the sum of $1,500, and that the defendant was to pay the same by first paying off the liens on the property, and by paying the balance to Ella Barton, and that he had failed to pay the balance to her, as he had agreed. We do not understand that there is any pretense that any evidence was offered tending to show a sale to the defendant for $1,500, or any other specific sum. The second count, then, may be dismissed from further consideration.

We come next to consider whether any recovery could be had under the first count. That sets up a conveyance by Asher Barton to the defendant in consideration of a verbal agreement that the defendant would take, hold and sell the property and dispose of the proceeds in a certain way. The defendant was not to become the owner of the property in the sense that he was to acquire a beneficial interest in the same, other than possibly as mere security, but the property was to be converted into money, and the entire proceeds paid out as directed by the grantor, and no advantage was to accrue to the defendant from the transaction. Under the agreement, then, the defendant took the property in trust. Such an agreement is within the statute of frauds, and should have been in writing. The petition shows that it was verbal, and the evidence offered was parol evidence. The defendant denied the agreement as set up, and it was not established by the testimony of the defendant.

We think that the court did not err in directing a verdict for the defendant.

AFFIRMED.