## BENJAMIN W. WHITE v. WILLIAM CLEAVER.

*Equity—Sale of real estate by co-tenant—Accounting—Statute of frauds.*

1. Complainant and defendant agreed in writing with one Owen that he should furnish the money with which to purchase a tract of land, he to receive a conveyance of one-half and the complainant and defendant the other half of the land. Before the deed was executed, the defendant, acting for himself and complainant, made a sale of their interest to Owen, and, relying upon defend int's statement of the amount received on the sale, complainant transferred his interest to Owen. He afterwards learned that defendant received a much larger sum, for which he refused to account to complainant, but invested a portion of the money in other land, and refused to recognize complainant's rights, legal or equitable, in the premises, or to pay over the money received on such sale.

   *Held,* that a bill charging these facts makes a case involving the consideration of trust relations, and, fraudulent conduct upon the part of the defendant being averred, the court has jurisdiction; and, on the facts stated, it cannot be said that the remedy at law is adequate.

2. A parol agreement by one tenant in common of land for its sale by his co-tenant in the joint interest, which has been fully executed, and the interest of such tenant converted into money and received by the co-tenant, is not within the statute of frauds.

Appeal from Tuscola. (Beach, J.) Argued January 24, 1889. Decided June 7, 1889.

Bill for an accounting and other relief. Decree overruling general demurrer affirmed, and defendant given 30 days in which to answer. The facts are stated in the opinion.

*T. W. Atwood* (*Wixson & Quinn,* of counsel), for complainant.

*George W. Davis,* for defendant.

SHERWOOD, C. J. The complainant in this case seeks to obtain an accounting with defendant, in which he claims a large amount of money will be found to be due to complainant, and which accounting the defendant refuses to make, or to pay the moneys claimed to be due.

A general demurrer is interposed to the bill by the defendant, and unless the bill is entirely wanting in equity the demurrer must be overruled.

The facts set up in the bill are substantially as follows:

The defendant is son-in-law of complainant, and resides in Caro, Michigan, as does also complainant. In the month of June, 1886, the Crawford estate owned a quantity of timbered lands in Huron county, which were offered for sale, as the parties believed, at reasonable prices, and they entered into a verbal agreement between themselves that they would purchase the lands together, each to pay one-half the purchase price, bear equally the expenses in making the necessary investigation and estimates preparatory to making the purchase, and share equally in the profits, after paying such costs and expenses, when sales were made.

In pursuance of this arrangement the said Cleaver incurred large expense in making the examinations and estimates, and when ready to purchase, not being able to make the purchase for want of means, it was further agreed between the parties that they should take in a third party in the venture, who could furnish the means, and that they should still share equally in the profits that should be received by them.

In September following they agreed with John Owen, of Saginaw, to furnish the money to make purchase of the lands to the amount of about $35,000; that Owen should receive the title to one-half of the lands purchased, and White and Cleaver title to the other half; that Owen should be secured by the parties for the purchase price of one-half of the lands, with reasonable interest thereon until paid, and Owen was to have one-half of all of the profit resulting from the purchase

of the lands, and White and Cleaver the other half. The estimating of the timber was to be paid for by all three of the parties, Owen to pay the half thereof.

This agreement with Owen was put in writing on the first day of October, 1886, and the contract for the purchase of the lands was subsequently made.

After this, and before the conveyance of said lands was executed, Owen proposed to buy the interest of White and Cleaver in said lands, and Cleaver was intrusted with the business of selling said interest to Owen by White, and did so sell the same to Owen, as Cleaver claimed, for the sum of $4,000, less the portion of expenses of estimating the timber which they were to pay.

The bill then further avers that complainant relied upon the statement made by Cleaver as to the amount he received on sale of their interest to Owen when he executed the transfer of his interest in the lands to Owen, and believed the amount Cleaver represented Owen had agreed to pay therefor was all that defendant received therefor, whereas, in truth and in fact, he is now informed and believes that Cleaver actually received over $7,000 for such interest of Owen, and has refused to account for the same to complainant; that said Cleaver has invested $1,800 of complainant's money in a lot in Caro, and refuses to recognize complainant's rights, either legal or equitable, in the premises, or to pay to him the moneys so received of Owen.

Complainant further avers that Cleaver received the money of Owen in trust for complainant, and, to the extent that Cleaver invested the trust fund in the real estate mentioned, he holds the title thereto equitably incumbered therewith, and asks that the court may so decree and enforce the same against said lot.

It is claimed on the part of the defense that complainant has a perfect remedy at law.

The circuit judge overruled the demurrer. I think this

was right.　Trust relations were to be considered, and fraudulent conduct on the part of the defendant is averred in the bill, and these give the court jurisdiction, and under the facts stated this Court cannot say the remedy at law was adequate.

The case is not one within the statute of frauds.　As against the defendant, the claim which the complainant makes is one originating under a written contract between them, supported by a sufficient consideration, and, so far as a parol agreement was made, it has been fully executed, and the complainant's interest thereunder has been converted into money, which was held in trust by defendant for him until the defendant invested in the real estate mentioned.

It would be a misuse of that statute to so apply it to these facts as to defeat the equity, which is now the effort of the defendant, as shown by the bill.

The decree should be affirmed, with costs; but the defendant will be allowed thirty days in which to answer the complainant's bill.

The other Justices concurred.