## STEPHEN COLLAR V. HAMBLIN D. COLLAR.

*Transfer of land for purpose of sale and distribution of proceeds—
Evidence—Deed—Consideration—Pleading—Money
had and received.*

Under the facts in this case (see opinion) it is held:

1. That the consideration of a deed may be shown by parol.
2. That an action will lie for money had and received by a grantee
   on the sale of land conveyed to him under a *parol* trust to make
   such sale, and distribute the proceeds among the grantors.[1]

Error to Ingham. (Peck, J.) Argued April 23, 1889.
Decided June 21, 1889.

Assumpsit. Plaintiff brings error. Reversed. The facts
are stated in the opinion.

*Huntington & Day,* for appellant.

*Q. A. Smith,* for defendant.

LONG, J. George Collar died in Steuben county, New
York, in 1868, intestate, seized of 55 acres of land in said
county, and leaving the following children, heirs surviving,
being all his heirs at law, viz.: Silas, Sylvester, John, Martin,
Henry, and Cameron Collar, Mary Thorne (wife of Jacob
Thorne), and Stephen and Hamblin D. Collar, the parties to
this suit.

The claim of the plaintiff is that in December, 1874,
plaintiff and others of the heirs conveyed their interests in
this 55 acres of land to Jacob Thorne, the husband of their
sister Mary, for the purpose of enabling him to make a sale
of the same, and distribute the proceeds among the heirs
according to their equitable interests.

---

[1] See *White v. Cleaver, ante,* 17.

In 1876, Jacob Thorne and wife, with such others of the heirs as had not conveyed to Thorne, conveyed said lands to Sylvester Collar, a brother, who resided in Kent county, this State, the purpose of which conveyance was the same as it was in the conveyance to Thorne.

In 1880, Sylvester Collar died, not having executed the trust, or conveyed said lands, and afterwards the defendant, Hamblin D. Collar, obtained a conveyance of said lands from the heirs of Sylvester Collar, deceased, which included the interest of plaintiff, which had been conveyed to Thorne, and afterwards to Sylvester, for the same purpose.

In January, 1887, defendant sold said lands, and received in payment the sum of $3,000.

The defendant refusing to pay the plaintiff his share of the proceeds of such sale, this action was brought in justice's court, where plaintiff had judgment.

Defendant appealed to the circuit court for Ingham county, and on the trial there, under instructions from the court, the jury returned a verdict for defendant, and, judgment being entered thereon, plaintiff brings the case here by writ of error.

The plaintiff claims that the defendant is liable to him as for money had and received, and on an account stated. The facts above stated do not seem to be in controversy, though defendant's counsel claims that the court improperly allowed such facts to be shown by parol.

It appears that in May, 1886, and after defendant had procured a deed of the premises from a portion of the heirs of his brother Sylvester, the plaintiff and his brother Cameron Collar went to the house of defendant in Kent county to get a settlement of their interest, and the interest of their sister, Mary, in the funds arising from the sale of these lands.

Taking the testimony of the plaintiff as true, as we must, the court having directed a verdict for defendant, it appears that an arrangement was made between plaintiff, defendant,

and their brother Cameron, that defendant should give his note to each of these three for $225, in settlement of their interest in this fund, but that, before the notes were given, plaintiff wanted to learn from his sister, Mary, whether that amount would be satisfactory to her, but, as he claims, agreeing then and there to accept for himself the note of defendant for the $225, in settlement of his claim, and that defendant agreed to make and deliver the same to him the week thereafter, and after Mary had been consulted as to her share; that a full settlement and agreement was arrived at and made at that time; that, after consulting with his sister, Mary, he again called upon the defendant, who refused to execute the note, or to recognize any interest of the plaintiff in this fund; that he thereafter acquired the title to the whole land and sold it, receiving $3,000 therefor.

The plaintiff then offered to show by the defendant, who was called as a witness, that the defendant had settled with the other heirs and parties interested in this fund, and had paid them each the sum of $225, and upon the basis of the agreement made between plaintiff, Cameron, and defendant on May 18, 1886, as to the amount due each; that the defendant knew that plaintiff and Cameron had each conveyed their interest to their brother-in-law, Mr. Thorne, and that Thorne had conveyed these interests to Sylvester, for the purpose of making sale of the premises, and settling up and dividing the proceeds of their father's estate.

It was also purposed to be shown that the defendant obtained the whole title to this land from the heirs of Sylvester, and that he knew his brother had taken the title to the land for the purpose of thus distributing the proceeds, and that although he had recognized the rights of all the other heirs, and paid them off on the basis of the agreement made with the plaintiff of May 18, 1886, he had not paid plaintiff, and refused to recognize his rights in the fund, though he has the funds representing that interest in his hands.

We must take this offer, under the ruling of the court below, as though these facts were settled in favor of the plaintiff.

It was under this state of facts that the trial court directed a verdict for the defendant.

The court stated to counsel:

" There can be no recovery upon any theory, either as for money had and received, or upon an account stated, or upon the special count, unless the contract is proven."

We think, under the conceded facts in the case, and the offer of proof made, which must be taken as true, the plaintiff had a right to recover, and the court was in error in directing a verdict for defendant.

It was not an interest in the land which plaintiff was seeking to recover, but his proportionate share of the fund growing out of the sale of the land which had been deeded first to Thorne, and then to the brother Sylvester, to be sold, so that the fund could be distributed. The defendant knew the conditions of these deeds, and the purpose for which they were made and delivered, at the time he took his conveyance from the heirs of Sylvester.

It is evident, from the case presented by this record, that the heirs of Sylvester, in making these conveyances to the defendant, were attempting to carry out the purpose of their father when he took the deed from Thorne,—that is, turn the lands into money, so that the fund could be distributed,— and at the time the agreement was made, May 18, 1886, the defendant looked upon the transaction as a trust created in him for that object, and he appeared willing at that time to carry out the object of the trust, and pay the money over or secure its payment by giving his notes. The whole proceeding on the trial was an inquiry into the consideration of the deed, and could be shown by parol.

If the facts are as plaintiff claims, he certainly could maintain his action, as the defendant had the money in his hands,

75 MICH.—27.

received for the use and benefit of the plaintiff, which could be recovered under a count for money had and received.

The judgment of the court below must be reversed, with costs, and a new trial ordered.

The other Justices concurred.