ANNIE C. HAVILAND *vs.* WILLIAM A. SAMMIS AND
OTHERS.

New Haven & Fairfield Cos., April T., 1892. ANDREWS, C. J., CAR-
PENTER, SEYMOUR, TORRANCE and FENN, Js.

The defendants agreed to sell and the plaintiff to buy a piece of land which
the defendants represented to have a frontage of one hundred and ten
feet, and the plaintiff paid down a part of the agreed price. She af-
terwards paid the balance and the defendants executed a deed for her
in which they described the frontage as " one hundred and ten feet
more or less." The plaintiff was dissatisfied with the deed, and the
defendants promised her that if she would accept it they would pay
her the difference in value between the actual frontage and the one
hundred and ten feet. Held that it was not an agreement which the
statute of frauds required to be in writing, as " an agreement for the
sale of real estate or of any interest in or concerning it."
Stipulations collateral to a sale of real estate but contained in the same
contract, where severable from the principal contract, may be enforced.

[Argued April 22d—decided May 28th, 1892.]

ACTION to recover upon a parol promise of the defend-ants, made upon the plaintiff's accepting their deed, to pay the difference in value between land contracted to be con-veyed and the actual quantity conveyed; brought to the Court of Common Pleas of Fairfield County, and reserved, upon the defendants' demurrer, for the advice of this court. The case is fully stated in the opinion.

*M. W. Seymour* and *H. H. Knapp*, in support of the de-murrer.

*R. Frost, contra.*

ANDREWS, C. J. The complaint alleges in substance that on the 26th day of June, 1888, the defendants were the owners of a tract of land on West Avenue in the city of Norwalk, which they represented to the plaintiff to be one hundred and ten feet wide ; that the plaintiff relying on their representation agreed to buy the land, and made· on that day a part payment of the purchase money, and on the 29th day of the same month paid the balance of the purchase price to the defendants ; that thereafter the defendants tendered to the plaintiff a deed which described the land to be one hundred and ten feet, more or less, wide on West Avenue and eighty-nine feet wide in the rear. Apparently the plaintiff refused to accept the deed, for the complaint avers " that the said defendants by their said agent agreed by parol with the plaintiff through her said agent, that if she would accept said deed they would pay her the difference between the value of the tract described in the deed and the value of the tract as represented by them ; and that the plaintiff under this agreement accepted said deed." The complaint alleges the difference in the value to be $750, and that the defendants have refused to pay it. The plaintiff claims damages to the amount of $800.

The defendants demur to the complaint, " because it appears from the allegations thereof that the agreement upon which the plaintiff seeks to maintain her action, if any such was made, was for the sale of real estate, or an interest in or concerning it, and was by parol and not in writing, as required by the statute of frauds."

The proposition of law maintained by the defendants, " that when an entire and indivisible contract is partially within the statute of frauds the whole is avoided by the statute if that part is by parol," is undoubtedly correct. But this case is not affected by that proposition. The defendants had contracted to convey to the plaintiff a certain piece of land for which she had paid them. They proposed to convey a smaller piece. She refused to accept it. They

then say to her—if you will accept the deed of the smaller piece we will return to you the difference in value between the piece of land we agreed to convey to you and the piece of land which in fact we do convey to you. The promise to return the excess of money is not affected by any sale of land.

Analyze the transaction between these parties more minutely and this becomes clear. The defendants had had negotiations with the plaintiff by which they had contracted to convey to her a certain piece of land for which she had paid them. They tender her a deed of a smaller piece which she refuses to accept. At that moment all contract for the sale of that piece of land is at an end. Then the parties begin to negotiate for the sale by the defendants to the plaintiff of a different piece of land—a smaller piece. The plaintiff consents to take a smaller piece at a smaller price. This is a new contract. A deed is given and accepted. The price had been paid. All contracts respecting land or any interest in or concerning land between these parties were then concluded—executed on both sides. But the money representing the difference in price between the piece of land agreed by the first negotiation to be conveyed, and the price of the land actually conveyed, remained in the hands of the defendants. They had promised to return it to the plaintiff. They have not done so. This action is brought to recover it. "The statute of frauds does not apply to such an action, whether brought on an implied or upon an express agreement. The obligation to repay the money advanced by the plaintiff is independent of the character of the consideration upon which the advance was made. And if an express promise to that effect be separable from the principal agreement to which it is an incident, it may be enforced, although the principal agreement might be avoided. The fact that a certain stipulation is made at the same time and forms a part of an arrangement for the sale of an interest in land, does not prevent an action from being maintained upon it; provided, first, that the action does not tend to enforce the sale or purchase of the interest in land, and,

second, that in other respects the stipulation is susceptible of being separately enforced by action. Such stipulations, collateral to the sale, but contained in the same contract, have been repeatedly enforced." *Wetherbee* v. *Potter*, 99 Mass., 354, 361; *Wilkinson* v. *Scott*, 17 id., 258; *Hall* v. *Solomon*, 61 Conn., 476.

The Court of Common Pleas is advised to overrule the demurrer.

In this opinion the other judges concurred.