N. J. HARRIS, Appellant, v. AUSTIN CLARK.

| 94 | 327 |
| 136 | 429 |

**Trust:** CONSIDERATION: STATUTE OF FRAUDS. Allegations that deed was made to defendant upon his verbal agreement to sell and pay net proceeds of the land to plaintiff, and that after sale defendant orally agreed to pay said proceeds to plaintiff, state a cause of action. The last promise is an admission of the trust, and the trust is the consideration for that promise. Without this last, the case would have been within the statute of frauds.

*Appeal from Polk District Court.*—HON. STEPHEN F. BALLIET, Judge.

SATURDAY, APRIL 6, 1895.

Plaintiff states his cause of action as follows: "That the defendant is indebted to the plaintiff in the sum of one thousand six hundred dollars, held by him in trust for plaintiff, that being the amount realized from the sale of the real estate herein described, which amount defendant, at various times after the receipt of the same as trustee, agreed to pay plaintiff. That said indebtedness arose as follows: Plaintiff did on

the fifteenth day of November, 1887, convey to the said Austin Clark, by warranty deed, the following described premises, to-wit: [Describing a certain tract of land]. That the only consideration for said transfer was that said Austin Clark verbally agreed to sell the same, and turn over to said N. J. Harris the net proceeds arising from the sale thereof. That on or about the thirteenth day of April, 1891, said Austin Clark sold said premises, receiving therefor, above all liens and incumbrances, the sum of one thousand six hundred dollars, which he now holds, and refuses to pay to plaintiff, or any part thereof. Wherefore plaintiff asks judgment for one thousand six hundred dollars, with interest." Defendant demurred, upon the ground that "the facts stated in plaintiff's petition do not entitle plaintiff to the relief demanded." The demurrer was sustained, and, plaintiff electing to stand upon his petition, judgment was rendered against him, from which he appeals.—*Reversed.*

*J. W. Lindsay, A. M. Miller,* and *H. W. Hull* for appellant.

*Garrett & Dyer* for appellee.

Given, C. J.—Appellee sets out in his argument what purports to be a copy of the deed mentioned in the petition, and bases his argument largely thereon. This deed was not set out in nor made a part of the petition. It forms no part of the record in this case, and cannot be considered. We must look to the petition and demurrer only. The petition shows that the plaintiff conveyed the land described to the defendant in consideration of his verbal promise to sell the same, and to pay the net proceeds arising from the sale to plaintiff; that he has sold the land; that the net proceeds, after paying all liens, is about one thousand six

hundred dollars; and that he refuses to pay the same, or any part thereof. If this was all that appeared in the petition, it would be clearly within the statute of frauds and the ruling in *McGinness v. Barton*, 71 Iowa, 644, cited by appellee, the agreement being verbal. It is also alleged as to the one thousand six hundred dollars that "defendant, at various times after the receipt of the same as trustee, agreed to pay to plaintiff." It is upon this alleged agreement as to money then in defendant's hands that plaintiff seeks to recover. Appellee contends in support of his demurrer that "there is no reason given for the agreement, or any consideration therefor. Their case must fail for want of consideration." The alleged agreement is not only an admission that the money was held in trust, but also promises to pay it. The existence of the trust is sufficient consideration for the promise. In *Collar v. Collar*, 86 Mich. 507, 49 N. W. Rep. 552, it is said: "We held, when the case was here before, that where lands were conveyed under a parol trust to sell and convert into money, and divide the proceeds, and the trust had been so far executed by the trustee as to sell the land and receive the money, and such trust had been recognized by him, an action for money had and received would lie to recover such money by the person entitled thereto." See, also, *Id.*, 75 Mich. 414, 42 N. W. Rep. 847; *Calder v. Moran*, 49 Mich. 14, 12 N. W. Rep. 892; *White v. Cleaver*, 75 Mich. 17, 42 N. W. Rep. 530.

We think the plaintiff's petition states a cause of action, and that the demurrer should have been overruled.—*Reversed.*