GEORGE L. ALLEN, Appellant, v. S. C. REES, Appellee.

**Conveyances:** PAROL AGREEMENT: TRUSTS: STATUTE OF FRAUDS. A parol agreement contemporaneous with a conveyance of land, that if the land was subsequently sold above a certain price, or if upon an advance offer the grantee elected to keep the land the grantor should be entitled to share in the excess, is held to relate simply to the consideration and not to amount to a declaration of trust, or create or transfer an interest in lands within the meaning of the statute of frauds.

*Appeal from. Fremont District Court.*— HON. O. D. WHEELER, Judge.

●    SATURDAY, FEBRUARY 9, 1907.

REHEARING DENIED, WEDNESDAY, NOVEMBER 20, 1907.

ACTION at law to recover a sum alleged to be due as part of the purchase price of certain real estate. There was a directed verdict and judgment in favor of defendant, and plaintiff appeals.— *Reversed* and *remanded* for a new trial.

*W. E. Mitchell* and *T. S. Stevens,* for appellant.

*Chas. M. Harl* and *Eaton & Estes,* for appellee.

BISHOP, J.— The evidence for plaintiff tended to show a state of facts substantially as follows: In May, 1899, the parties to this action and one Butterfield, all of whom lived at Hamburg, Fremont county, were the joint owners of a tract of land in Harrison county, this State, consisting of five hundred and sixty acres. During that month plaintiff sold and conveyed his one-third interest in said lands to the defendant and said Butterfield — the consideration as alleged in the petition being " $30 per acre, or, in the aggregate, $5,600, and other consideration; that in addition to said $5,600 the defendant and said Butterfield agreed as a further consideration and inducement to plaintiff to execute said conveyance that they would take charge of said land and sell the same to the best possible advantage, or they would offer the same for sale, and if able to sell at a reasonable price, they would either do so or retain the land for themselves and pay to plaintiff one-third the whole amount realized from the sale, or that would be realized if the offer of purchase obtained were accepted in excess of the sum of $16,000." Plaintiff was a stockman and merchant, and at the time of the making of the deed in question was in failing circumstances. Defendant, Rees, and the said Butterfield were sureties on his notes held by the Hamburg Bank, of which bank Butterfield was cashier, to the amount of about $4,000, and they expressed themselves as anxious to have the notes paid. Before the making of the deed an attempt was made to sell the land in Harrison county, which failed. Thereupon it was agreed that Rees and Butterfield should take title to the land and sell the same as soon as they could; that they should pay to plaintiff at the time $30 per acre, and should allow him, in addition, one-third of the net amount realized from the sale when made; that in case Rees and Butterfield did not

elect to sell the land " they said they would take it at whatever offer they had for it and pay me the difference." On the delivery of the deed Rees and Butterfield deposited to the credit of plaintiff in the Hamburg Bank the sum of $5,600, and as against this credit the bank charged up the amount of plaintiff's notes, and they were surrendered. Thereafter, in a conversation between plaintiff and Rees, the latter, in speaking about the construction of a ditch across the land, told plaintiff that he would have to pay one-third the expense thereof, to which plaintiff assented; also Rees talked to plaintiff about selling him a house, and said in that connection, " You can have it on time, and when we settle up the Harrison county land deal you can pay me out of your third." Later on an intending purchaser, ready, able, and willing, sought to buy the land of defendant and Butterfield at $60 per acre, and the offer was not accepted. Still later Rees conveyed his one-half interest in the land to Butterfield.

The motion for a directed verdict was put on the ground that the contract pleaded was an attempt to establish a trust in real estate or the proceeds thereof by parol, and was within the statute of frauds. As we have seen, the court below ruled that the motion was well taken. The correctness of such ruling presents the only question on this appeal.

The provision of statute relating to trusts in real estate reads as follows: " Declarations or creations of trust or powers in relation to real estate must be executed in the same manner as deeds of conveyance," etc. Code, section 2918. The statute of frauds is a rule of evidence, and reads as follows: " No evidence of the following enumerated contracts is competent, unless it be in writing and signed by the party charged: Those for the creation or transfer of any interest in land," etc. Code, section 4625. In view of these provisions of statute, if it must be said that the contract pleaded and relied upon amounted to a declaration of trust, or that the effect thereof was to create or transfer an interest in

lands, the ruling on the motion was correct, and should be affirmed. On the other hand, the ruling was error if the conveyance by plaintiff to defendant and Butterfield was absolute and unqualified, and the contract went only to the question of consideration. This is so because it is fundamental that questions having relation solely to consideration involve no element of trust or interest in the lands themselves. The recital of the deed is not conclusive, and the subject is open to modification or explanation by parol as to time, place, amount, and other considerations. Authorities are not necessary, but see *Trayer v. Reeder,* 45 Iowa, 272; *Bank v. Stiger,* 86 Iowa, 344; *Bossingham v. Syck,* 118 Iowa, 192. Now, a trust is defined as an obligation arising out of a confidence reposed' in one who has the legal title to property conveyed to him, that he will faithfully apply and deal with such property according to the confidence reposed. 28 Am. & Eng. Ency., 858. Therein is implied two estates or interests — one equitable and one legal; one person as trustee holding legal title, while another is *cestui que* trust. *Hospes v. Northwestern Co.,* 48 Minn. 174 (50 N. W. 1117, 15 L. R. A. 470, 31 Am. St. Rep. 637).

Must it be said that any such property status and relationship of parties arises out of the contract facts here relied upon? We think not. Reduced to simple form of statement, we have a conveyance of lands absolute in form and unaccompanied by any agreement providing for the reclamation thereof, on condition, by the vendor, or the withholding by him of any enforceable interest therein. The contract sought to be established by parol went no further than to provide that, in case of future sale for a sum in excess of the amount paid plaintiff, he should become entitled to a further sum represented by one-third of such excess as consideration for his conveyance additional to that already received. A like result was to follow should defendant and Butterfield, having opportunity to sell, elect not to do so. The effect of this contract was not to tie the hands of the

vendees in the deed in respect of their future dealings with
the land.   Without limitation as to time, amount, or other
condition, they were free and unhampered to use, occupy,
keep, give away, sell, or devise the whole as they willed.
And there are no other essentials to absolute ownership.
Should defendant and Butterfield assume to make disposi-
tion of the lands, the action by plaintiff, if any he had, would
be on the contract as for a debt due, or for damages.   There
is no way in which he could reinstate himself in the owner-
ship of the lands.   This being the situation, we think the
case is fairly within the rule of *Miller v. Kendig,* 55 Iowa,
174.   There plaintiff had sold to defendant a certain tract
of land and conveyed by a deed absolute in form.   The con-
sideration named in the deed was $1,650, and it was alleged
in the petition that the real consideration agreed upon was
said sum and one-half of what defendant should realize above
that sum in case of the sale of the land by him for a larger
amount.   The case differs from this only in that here the
grantees not being obligated to sell, and electing not to do
so, the agreement provided that they should make payment
of a further sum to plaintiff conditioned as to amount upon
what they might have sold for had they elected to embrace
an opportunity in fact offered.   In either case it is evident
that the contract was bottomed on the thought of the grantor
that he was not getting a fair price for his land — a thought
tentatively at least acquiesced in by the grantees — and the
agreement was entered into, having as the sole end in view
a possible further payment.   In the case cited it was alleged
that the lands had been sold for an increased sum, and judg-.
ment was demanded accordingly.   The trial court sustained
a demurrer to the petition, and the ruling was reversed in
this court.   In the course of the opinion it was said:
" There is nothing in the agreement set out in this case from
which it can be gathered, even by implication, that the de-
fendant was obligated to sell the land.   He had the fullest
liberty to appropriate the land to his own use, or make a gift

or devise of the same, or transmit it to his heirs.    Such being the fact, it is impossible to say that the plaintiff retained an interest in the land.    The agreement entered into between the parties pertained merely to the purchase price.    It was to be at least $1,650, and in a certain contingency more than that.    .    .    .    But the defendant made no agreement to make any particular disposition of the land, and, in the absence of such agreement, it appears to us that he did not, in any sense hold the land for plaintiff's benefit.    In our opinion the contract set out is not within the statute of frauds."    In *Kickland v. Menasha Co.,* 68 Wis. 34 (31 N. W. 471, 60 Am. Rep. 831), the facts were in all respects similar to those appearing in *Miller v. Kendig.*    It was there said:    " It is not perceived how this question [the statute of frauds] can be raised in such a case.    The deed is valid as a conveyance of the land, and the respondent [the grantor] does not seek to impeach it, or to change it in any manner as a valid conveyance.    He only seeks to prove by parol what was the whole consideration of the sale, and that a considerable part thereof has not been paid.    .    .    .    The additional consideration of the sale not paid, whether resting in parol or in writing, cannot affect the deed as a valid conveyance under the statute in any respect."    As giving further support to our conclusion, see *Michael v. Foil,* 100 N. C. 178 (6 S. E. 264, 6 Am. St. Rep. 577) ; *Hall v. Hall,* 8 N. H. 129 ; *Nickerson v. Saunders,* 36 Me. 413.

To sustain the ruling of the trial court, the appellee relies principally upon the decision of this court in *McGinnes v. Barton,* 71 Iowa, 644.    There a conveyance had been made to defendant, absolute in form as it would seem, and the contract set up was in substance that defendant verbally agreed to pay off all indebtedness of the grantor which was a lien against the property, " and take and hold the same until such time as defendant should think was the best time to sell the same," and out of the proceeds reimburse himself, and pay the remainder to plaintiff, a daughter of the grantor.

It was alleged that there was no other consideration for the deed. It was said that here was " a conveyance in consideration of a verbal agreement that defendant would take, hold, and sell the property and dispose of the proceeds in a certain way. Defendant was not to become owner of the property in the sense that he was to acquire a beneficial interest in the same, other than possibly as mere security, but the property was to be converted into money and the entire proceeds paid out as directed by the grantor, and no advantage was to accrue to the defendant from the transaction. Under the agreement, then, the defendant took the property in trust." The distinction between that case and the one at bar becomes evident on a moment's reflection. There the oral agreement was relied upon to show that the deed was not what it purported to be; that, in fact, it was not intended by the deed to convey any beneficial interest in the lands, but rather to create an agency — in such cases known in law as a trusteeship — looking only to the disposition of the lands for the exclusive benefit of the grantor in the deed. The lands were still within the control of the grantor, and the beneficial interest therein might be seized by his creditors, or be the subject of sale, gift, or devise by him. We leave out the thought that the instant deed might be taken as an executed gift to the daughter, as the vendees would be in the same situation whether the beneficial interest was in the grantor or in his daughter. In the case at bar the contract sought to be proven did not purport to withhold any interest in the lands. On the contrary, it proclaims full title, legal and equitable, in the grantees named in the deed. In the one case, then, the contract tended to impeach the deed of conveyance, and was therefore properly held to be within the statute of frauds. In the other the deed of conveyance is expressly recognized as carrying full title, legal and equitable, and the suit is not for an accounting as against a trustee, but to recover a balance of the purchase price. In the case of *Harris v. Clark,* 94 Iowa, 327, also re-

lied upon by counsel for appellee, the facts were similar to those appearing in the *McGinnes* case. *Keller v. Strong,* 104 Iowa, 585, also relied upon, does not, in our view, touch the point.

For the reasons stated we conclude that a case was made for the jury, and accordingly that it was error to direct a verdict. The judgment is reversed, and the cause ordered remanded for a new trial.— *Reversed.*