**MARTIN v. MORRISON et al.   (No. 1580.)***

(Court of Civil Appeals of Texas.   El Paso.
March 20, 1924.   Rehearing Denied
April 10, 1924.)

1. Mines and minerals ⚖➲101—Case made by action for share of profits from purchase and sale of oil lease held joint adventure.

An action for a share of the profits from the purchase and sale of an oil and gas lease by plaintiff, who assigned it to defendant in consideration of his paying the purchase price and dividing the profits from the resale, *held* not an action to impress an express trust on the legal title vested in defendant; the case made being a joint adventure in the purchase of the lease, title to which was vested in defendant, while plaintiff's interest was limited to a share of the profits on resale.

2. Frauds, statute of ⚖➲63(1)—Agreement to share profits from purchase and sale held not contract to transfer interest in realty.

An agreement to share profits fom the purchase and sale of realty is not a contract to transfer an interest in the realty.

3. Mines and minerals ⚖➲101—Test of sufficiency of evidence to sustain judgment for share of profits in joint adventure stated.

The sufficiency of the evidence to sustain a judgment for a share of the profits from the purchase and sale of an oil and gas lease assigned by plaintiff to his co-adventurer, who advanced the purchase price, must be determined by the general rule applicable in ordinary actions, rather than the strict rule obtaining in an action to impress an express trust on a legal title vested in another, plaintiff's interest being limited to an interest in the profits.

4. Mines and minerals ⚖➲101—Joint adventurer's contract authorizing broker to sell oil lease held binding on co-adventurer.

A contract by one of two joint adventurers in the purchase of an oil lease authorizing a broker to sell it *held* binding on his co-adventurer as within the scope of the joint enterprise.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Actions by J. B. Morrison against J. H. Martin and S. O. Ratliff, and by S. O. Ratliff against J. H. Martin. From judgments for plaintiffs, defendant Martin appeals. Affirmed.

Conner & McRae and G. G. Hazel, all of Eastland, for appellant.

Butts & Wright and D. K. Scott, all of Cisco, for appellees.

HIGGINS, J.   Appellee J. B. Morrison instituted suit in the district court of Eastland county against appellant and appellee S. O. Ratliff, seeking a recovery of a 5 per cent. brokerage commission for procuring a purchaser of an oil and gas lease on lands described in his original petition. He alleges, in substance, that he was an oil and gas lease broker, and during the month of February, 1922, appellee S. O. Ratliff represented to him that he and appellant J. H. Martin were joint owners of an oil and gas lease covering certain lands situated in Eastland county, Tex., and that it was desired by them to sell the same; that the said S. O. Ratliff contracted and agreed to pay him a commission of 5 per cent. on the aggregate amount for which said oil and gas lease should be sold at the price of $500 per acre; that he accepted such contract and at once set about to and did within a few days procure a purchaser of said oil and gas lease at said price, and that such purchaser accepted the title and paid to appellant and appellee said purchase price, aggregating $15,000, and that therefore under such contract he was entitled to recover of appellant and appellee S. O. Ratliff his commissions in the sum of $750.

Afterwards, appellee S. O. Ratliff instituted suit in the district court of Eastland county against appellant, in substance alleging that he and appellant, "as copartners, or as a joint venture," purchased for the sum of $1,500 an oil and gas lease on certain lands situated in Eastland county, Tex. (being the same lands and same oil and gas lease described in the petition of J. B. Morrison). He further alleged that without the knowledge of appellant he purchased an assignment of said lease himself, but, having full confidence in appellant that he would perform his agreement to equitably divide the profits realized from the sale of said lease, assigned said oil and gas lease to appellant; that thereafter he, acting for himself and appellant, through a broker sold said lease for the sum of $15,000, which sum of money was paid to appellant, and admitted that such broker was, under a contract with him, entitled to recover a commission of $750. It is further alleged that, "under the understanding and agreement between plaintiff and defendant, plaintiff was entitled to receive and be paid one-half the profit that was made and realized on the purchase and sale of said lease which plaintiff alleges was the sum of $6,375, * * *" and in the alternative alleged that, should he be mistaken as to such cause of action as thus alleged, then' he set forth in substance that about December 6, 1921, he purchased by assignment said oil and gas lease for an agreed consideration of $1,500, and in keeping with such agreement an assignment from the owners thereof to him, together with a draft for said sum drawn on him, were sent to a bank at Rising Star, the assignment to be delivered upon the payment of the draft; that upon the receipt of said papers at said bank he did not have sufficient funds to care

---

⚖➲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction June 6, 1924.

for the draft, and he thereupon called upon appellant "and represented and made a statement to him of all the facts connected with said assignment and plaintiff's financial condition, and fully informed defendant as to the location of the land covered by the original lease and assignment in respect to other lands upon which oil was then being produced in paying quantities, * * * whereupon the defendant proposed, if plaintiff would assign said lease to the defendant, he (the defendant) would pay said draft and 'protect' plaintiff to which proposal and offer plaintiff then and there accepted, and thereupon the defendant paid said draft, and plaintiff executed an assignment assigning said lease to the defendant. That by the term 'protect' plaintiff, as used in the negotiations in respect to said assignment by and between him and the defendant, it was meant and understood that the defendant would pay the draft attached to the assignment and would carry plaintiff for a substantial interest in said lease, and in the profits that might or should be derived from the sale thereof, and one-third thereof would have been and was a reasonable interest and reasonable compensation to the plaintiff for his services rendered in and about the procuring of said lease, * * * and that by reason of the premises plaintiff became entitled to one-third of whatever profits might be. * * *" He then sets out another alternative plea identical, however, with the last, except he undertakes to define the word "protect" to mean one-third of the profits realized from the sale of said oil and gas lease, and sues first for half and second for one-third of the sales price of said oil and gas lease, less $750 commission and the $1,500 paid for the lease by appellant.

Appellant joined issue in each of said causes, and in due time by due order of the court they were regularly consolidated and tried together before the court without the intervention of a jury, and after a hearing, judgment was rendered in favor of appellee S. O. Ratliff, against appellant J. H. Martin, for $3,500 with 6 per cent. interest from the date of the judgment, and in favor of appellee J. B. Morrison, against appellee S. O. Ratliff, and appellant J. H. Martin, jointly, for $750, with a like rate of interest from said date.

From the judgment so rendered Martin appeals.

[1] The assignments and propositions complaining of the judgment in favor of Ratliff all proceed upon the theory that the action was to impress an express trust upon the legal title vested in appellant, which trust was sought to be shown by parol and the evidence thereof insufficient to meet the strict rule obtaining in such cases.

This is an erroneous conception of rules and principles of law applicable to the case made by the pleadings and proof. The case made is that of a joint adventure in the purchase of the oil and gas lease, title to which was vested in appellant, who furnished the purchase price; appellees' interest in the adventure being limited to a share of the profits arising upon resale and having no interest in the estate vested in appellant.

[2] An agreement to share profits arising from the purchase and sale of real estate is not a contract for a transfer of an interest in the real estate. Snover v. Jones (Tex. Civ. App.) 172 S. W. 1122; Parriss v. Jewell, 57 Tex. Civ. App. 199, 122 S. W. 399; Lincoln v. Kirk (Tex. Civ. App.) 243 S. W. 671; 25 R. C. L. p. 540, § 130; 27 C. J. p. 222, § 208.

In note appearing in 17 Ann. Cas. 1023, it is said:

"The rule is well settled, however, that where one party to a joint adventure advances money for the purchase of property, and the other parties are to perform services and have a share of the profits arising upon the sale of the property, the title thereto is in the party advancing the money, and the interest of the other parties is in the profits alone. Smith v. Watson, 2 B. & C. 401, 9 E. C. L. 122; Scudder v. Budd, 52 N. J. Eq. 320, 26 Atl. 904; Moore v. Huntington, 7 Hun (N. Y.) 425; Ross v. Willett, 76 Hun, 211, 27 N. Y. S. 785."

See, also, Hoge v. George, 27 Wyo. 423, 200 Pac. 96, 18 A. L. R. 469 and note; Allen v. Rees, 136 Iowa, 423, 110 N. W. 583, 8 L. R. A. (N. S.) 1137, 1139; Williston on Contracts, p. 959, § 493; Michael v. Foil, 100 N. C. 178, 6 S. E. 264, 6 Am. St. Rep. 577; Haviland v. Sammis, 62 Conn. 44, 25 Atl. 394, 36 Am. St. Rep. 330 and note.

[3] The case being simply that of a joint adventure with Ratliff's interest being limited to an interest in the profits, the sufficiency of the evidence to sustain the judgment is to be determined by the general rule applicable in ordinary actions. This being the test, the evidence amply supports the judgment in his favor.

[4] So far as we can ascertain, the only point made respecting the recovery by Morrison is that the evidence fails to show any contractual relation between him and appellant.

The evidence clearly shows that Morrison effected the sale under authority given by Ratliff. Such authorization was strictly within the scope of the joint enterprise, and Ratliff's contract was binding upon appellant, his co-adventurer. 15 R. C. L. 505.

Affirmed.