# Erie Dime Savings and Loan Company *versus* Vincent, Executor, &c.

1. An action on the case will not lie by a creditor of a decedent against his executrix to charge her personally for a failure by her to exercise within a reasonable time a testamentary discretionary power to sell real estate, whereby injury has accrued to the plaintiff.

2. The fact that in such case the executrix, as sole devisee and legatee of the residuary estate of the testator, was entitled to the rents of the real estate until sold, does not vary or enlarge her liability.

3. The Orphans' Court has exclusive jurisdiction to hold an executrix to account for the performance of a testamentary trust vested in her to sell real estate.

February 7, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Erie county:* Of January Term, 1884, No. 214.

This was an action on the case, by the Erie Dime Savings and Loan Company against Anna M. Parsons, (afterwards intermarried with S. A. McNulty) executrix of the will of James W. Parsons deceased. After suit brought the defendant died, and her executor, John P. Vincent was substituted of record as defendant. Plea, not guilty with leave, &c.

By agreement of the parties the cause was tried without a jury, before BROWN P. J., of the 37th Judicial District, holding a certified court, whose findings of fact and conclusions of law were as follows:—

The defendant's testatrix was the widow of James W. Parsons, who died in the month of January, 1873, leaving a will by which, after a specific bequest of certain life insurance money to his eldest daughter, he gave the residue of his property to his wife, afterwards intermarried with S. A. McNulty. The will named his wife, Anna M., as executrix, and Wm. H. Ward and George T. Churchill as executors. Ward and Churchill declining to act, letters testamentary were issued to the widow, Anna M. Parsons, on the 28th of February 1873.

At the time of his death James W. Parsons was the owner of a valuable piece of real estate in the city of Erie, known as the Malt House property, which was encumbered with a mortgage in favor of the Keystone National Bank of Erie, for the sum of $20,000, with interest from September 24, 1869, and which was the first lien. The same was also encumbered by a judgment in favor of G. W. Colton, treasurer of the Erie Dime Savings and Loan Company for the sum, as it appeared from the records, of $13,653.26, and which judgment

was second in the order of the liens, and following which were divers mechanics' liens. Parsons had no real estate other than the Malt House property.

By his will his executors and executrix were empowered to sell the Malt House property, to make the necessary deeds to convey the same, and to fix, at their discretion and judgment, terms of sale.

The following is the clause of the will referred to:

" I also authorize and empower my executors and executrix to sell my Malt House property, and any and all other real estate of which I shall or may die seised or possessed, and make all needed deeds to grant and convey the same, and to fix, at their discretion and judgment terms of sale, prices and purchasers."

Had the executrix sold the property, as she had the opportunity to do soon after the granting of letters testamentary, sufficient funds would have been realized to pay the mortgage of the Keystone Bank, and the whole, or, at least, several thousand dollars on the judgment of the Erie Dime Savings and Loan Company, but the executrix refused to exercise the power of sale contained in the will. She also took defence to the mortgage of the Keystone National Bank, and to proceedings on the judgment in favor of Erie Dime Savings and Loan Company, the effect of which was so to delay a judicial sale of the before mentioned real estate that when such sale was made, viz: in 1877, the plaintiff realized much less than would have been realized had the sale been made soon after the issuing of letters testamentary.

Pending the delay occasioned by the refusal of Mrs. Parsons to sell under the power contained in the will, and by the defences and obstacles interposed, especially to the proceedings on the mortgage of the Keystone Bank, Mrs. Parsons, as residuary devisee was in the receipt of the rentals of the Malt House property, aggregating several thousand dollars. Although she may have had a motive for her delay, and although her personal interest was thereby promoted, there is nothing in the evidence that satisfies the Court that she was acting otherwise than upon the conviction that the interest of all parties interested would be promoted by delay. She acted under the advice of counsel.

As early as April, 1873, it "satisfactorily appeared" to Mrs. Parsons, executrix, that the personal estate of her deceased husband was wholly insufficient to pay his debts; the deficiency being somewhat in excess of thirty thousand dollars. A sale of the aforesaid real estate could have been made in the summer of 1873 for the sum of $33,000, but Mrs. Parsons declined to take any steps to effectuate such sale

under the power contained in the will, and made no application to the Orphans' Court for leave to sell under the Act of Assembly for the payment of debts.  By the delay not only did the real estate when sold upon execution in 1877 bring less than could have been realized in 1873, but by the accumulation of interest on the prior lien of the Keystone Bank, and the entry of two municipal claims in favor of the city of Erie for the construction of pavement and sewer (which by law took precedence of the other liens) the Erie Dime Savings and Loan Company received from the proceeds of the Malt House property several thousand dollars less than it would have received had the sale been consummated in the summer of 1873.

The plaintiff was a party to the proceedings for the removal of the executrix of James W. Parsons, by which proceedings administration of said estate was delayed for a long time, being the proceedings reviewed in the case of Parsons's Appeal, 1 Norris, 465.

While Mrs. Parsons, the executrix of the will of James W. Parsons, was, as residuary legatee, in the receipt of the rents of the real estate, aggregating several thousand dollars, she, during such time, expended a large amount of money, to wit: about $2,000 of said rental in repairing said property, benefitting its condition and paying taxes and insurance thereon. James W. Parsons, by his last will and testament, directed his executors to pay all of his just debts and funeral expenses.

The plaintiff brings this suit and claims to recover damages for the loss sustained.

Under the view we take of the law the foregoing are all the facts deemed essential to the determination of the case.

CONCLUSIONS OF LAW.—From the facts found the court concludes :

First.  That the refusal of defendant's testatrix to execute the power of sale of real estate confided to her discretion by the terms of the will, gives no cause of action to the plaintiff, even though the delay was a mistaken exercise of discretion, occasioned partly by the fact that the rents and profits during the time of such delay belonged to her, as devisee, and further that the fact of her having at one time agreed, at the solicitation of creditors, to make a sale under the will at a certain price upon their advancing a sum of money to pay other creditors, and her afterwards insisting on another sum of money, even though she meant such further sum as a bonus to herself, has no material bearing on the question before the court.  Parsons's Appeal, 1 Norris, 465.

Second.  The fact that the defendant's testatrix delayed a

judicial sale of the real estate by taking defence to the mortgage of the Keystone National Bank and to the judgment of the plaintiff, gives the plaintiff no ground on which the present action can rest, for losses resulting from such delay, even though such defence was unfounded, malicious, trifling and vexatious. In the case of Mayer *v.* Walter, 14 P. F. Smith, 283, it was ruled that a suit, however malicious and unfounded, cannot be made the ground of an action for damages. The cases of Eberly *v.* Rupp, 9 Norris, 259, and Muldoon *v.* Rickey, 13 W. N. C., 421; 7 Out., 110, are to the same effect. If a futile and unfounded action is no ground for the recovery of damages, a futile and unfounded defence is not.

Third. That the neglect of Mrs. Parsons to make application to the Orphans' Court for an order to sell the real estate as soon as she reasonably could after it clearly appeared to her that the personal estate was insufficient, did not give plaintiff any cause of action against her when living, or against her executor since her death. If the plaintiff deemed the delay prejudicial it might have proceeded to compel a sale under the Act of 29th March, 1832. Doubtless an executor is responsible for a neglect of a duty imposed by the law, which neglect is prejudicial to persons interested in the estate, and which results solely from his own supineness. But it is as much the business of a creditor as of an executor to judge of the danger to be apprehended from delay, and in case of such apprehension to quicken action in the mode prescribed by the statute. Where he does not do this, and a loss results from the delay, it is, I think, to be attributed as much to the supineness of the creditor as of the executor. Concurrence and acquiescence in delay, upon the part of the party injured, especially when the law puts it in his power to quicken action, will, in my judgment, relieve the executor, and this upon the principle of contributory negligence, or at least on analogous reasoning.

The plaintiff presented the following points:

1. If the court finds from the evidence that the entire personal estate of James W. Parsons, deceased, at the time of his death did not exceed the sum of eleven hundred and forty-nine $\frac{62}{100}$ dollars, and the just debts owing by him to the plaintiff and others exceeded the sum of thirty-five thousand dollars, which was known to Anna M. Parsons, executrix of the last will and testament of said James W. Parsons, deceased, on the 15th day of May, A. D. 1873, then it satisfactorily appeared to the said Anna M. Parsons, executrix, that the personal estate of said decedent was insufficient for the payment of all his just debts and expenses of the administration of his estate, and thereupon it became the duty of said Anna M. Parsons to proceed without delay in the manner

provided by law to sell under the direction of the Orphans' Court of Erie County, so much of the real estate of which the said James W. Parsons died seised as was necessary to pay said debts and expenses of administration, and she is liable to the plaintiff for any loss or damage resulting from any failure or neglect so to do, and the plaintiff can recover the same in this action.

·2. That if the plaintiff was a creditor of the said James W. Parsons, deceased, and the said Anna M. Parsons, executrix aforesaid, neglected and refused to proceed in the manner provided by law, under the directions of the Orphans' Court of Erie County, to sell so much of the real estate of said decedent as was necessary to pay the debt owing to the plaintiff by said decedent, that she is liable to the plaintiff for all loss and damage sustained by it by reason of such neglect and refusal, and the plaintiff is entitled to recover the same against the defendant in this action.

3. If the court find from the evidence that the said Anna M. Parsons, executrix as aforesaid, did, by interposing unnecessary and vexatious delays and unfounded defences of a frivolous and trifling character prevent the sale of the real estate of the said decedent for the payment of his debts, including the debt of the plaintiff, for her own private gain, and that she might profit by the delay, she was guilty of malfeasance in her office of executrix, and she is liable to the plaintiff for all loss and damage sustained by it by reason thereof, and the plaintiff is entitled to recover the same in this action.

4. That the said Anna M. Parsons, as executrix of the last will and testament of James W. Parsons, deceased, was, by the terms of the will, and in law, a trustee bound to apply the property in her hands and under her control, first to the payment of the debts of said decedent and then to her own use as residuary devisee and legatee under said will, and in default of so doing she is liable to the plaintiff, a creditor of said decedent, for any loss or damage sustained by reason of such default or neglect, and the plaintiff is entitled to recover the same in this action.

The court answered the above points as follows:

For the reasons stated in the foregoing conclusions of law designated as "third," the plaintiff's first and second points are answered in the negative, and for the reasons stated in the conclusion, designated as "second," the plaintiff's third point is answered in the negative; and however correct the proposition of law contained in the plaintiff's fourth point may be, the evidence discloses no fact and no such default on the part of the executrix, Mrs. Parsons, as to make the point

applicable to the case on trial, and an answer thereto is refused.

The defendant presented the following points:

1st. That no act of the defendant as executrix of the last will of James W. Parsons, deceased, shows any unfaithfulness to her trust, nor any improper exercise of the discretion vested in her by said will, and, therefore, plaintiff cannot recover in this suit.

Answer. Affirmed.

2d. That the plaintiff, under the laws of this state, could have compelled a sale of the real estate of her testator at any time after she took out letters of administration, and its failure to do so, after her refusal to carry out the alleged arrangements for sale of said real estate, was such negligence on the part of said plaintiff as amounts to contributory negligence, and the plaintiff cannot recover.

Answer. Affirmed.

Exceptions filed to the conclusions of law, and to the answers to the foregoing points, were overruled by the court, and judgment was entered in favor of the defendant according to the decision previously filed. The plaintiff took this writ of error, assigning for error the overruling of said exceptions and the judgment.

*Henry Souther* and *George W. Biddle* (*E. L. Whittelsey* with them), for the plaintiffs in error.—The sole question in Parsons's Appeal, 1 Norris, 465, was whether there was ground for removal of the executrix, and that case has no effect whatever on this. Besides, a material part of the injury for which plaintiff seeks to recover in this action, has accrued since the decision of that case, in 1878. Neglect of duty by a trustee or an executor towards any claimant upon the assets of the estate, will render such representative personally liable for his tortious or negligent acts, in a common law suit. Weiting *v.* Nissley, 1 Harris, 650. The Orphans' Court has no jurisdiction to entertain a claim in the nature of one for a devastavit by an executor. Such claim is against the executor personally, and not derived through the testator: Torr's Estate, 2 Rawle, 250; Moulson's Estate, 1 Brewster, 296; James Robinson's Estate, 12 Phila., 170; Myers' Estate, 9 Id., 310; McBride's Appeal, 22 P. F. S., 484. It is a universal principle that he who causes injury to another by neglect of duty is liable to compensation for the injury, and executors are within this rule: Railroad Co. *v.* Hughes, 1 Jones, 145; Calhoun's Estate, 6 Watts, 188; Perry on Trusts, § 845; 2 Redfield on Wills, 395; 2 Addison on Torts, 1130. That the executor acted under the advice of counsel is no excuse:

c

Weiting *v.* Nissley, 1 Harris, 650; Gilbert's Appeal, 28 P. F. S., 266; Smith's Estate, 14 W. N. C., 93. The testator having expressly directed his executrix to pay all his debts, the fact that the power of sale was discretionary is no excuse for not selling within a reasonable time: Walker's Appeal, 1 Grant, 431. The court has found that it satisfactorily appeared as early as April, 1873, that the testator's personal estate was largely insufficient to pay his debts, the deficiency being in excess of $30,000, and has further found all the facts necessary to bring the defendant within the principles of law above stated, and also, we contend, within the mandate of the Act of February 24, 1834, § 20, Purd. Dig., 427, requiring executors, in such case, to "proceed without delay" to sell the real estate for payment of debts: Robinett's Appeal, 36 Pa. St., 188.

*John P. Vincent, P. P.,* for the defendant in error.—The Orphans' Court has exclusive jurisdiction of testamentary trusts, and an experiment such as this in the Common Pleas cannot succeed. The power of sale was not absolute, but merely discretionary as to time, amount, terms, &c., and the court has found, as a fact, that the defendant acted "upon the conviction that the interest of all parties interested would be promoted by delay." If the plaintiff, or other creditors, thought otherwise, they had an appropriate statutory remedy to quicken her action, (which was pointed out to them in Parsons's Appeal,) but having omitted to invoke that, they cannot now, in this suit, take advantage of their own laches, even if they had proved, which they did not, that the result has shown that the defendant was mistaken in her honest conviction.

Chief Justice MERCUR delivered the opinion of the Court, February 25, 1884.

This is an action on the case against the defendant as executor of Mrs. McNulty, formerly Parsons, for her negligence and malfeasance as executrix of the last will and testament of James W. Parsons, deceased. The main ground of complaint is, that she did not within a reasonable time after his death, as surviving executrix of his estate, sell his real estate and apply the proceeds on judgment liens on the property, of which the plaintiff held one. The will of Mr. Parsons declared, "I also authorize and empower my executor and executrix to sell my Malt house property, and any and all other real estate of which I may or shall die seised or possessed, and make all needed deeds to grant and convey the same, and to fix at their discretion and judgment terms of sale, prices

9 OUTERBRIDGE.—21.

and purchasers." After a specific bequest of personal estate, he gave all the residue of his property to his wife, and named her as executrix.. By reason of her alleged unreasonable delay in making sale of the real estate, the plaintiff in error and others, creditors of her deceased husband, applied to the Orphans' Court to remove her as executrix. The decree of that court came before us for review in Parsons's Appeal, 1 Norris, 465. The questions there ruled bear directly on those presented in the present case.

It was held that, in case of undue delay in the sale of the real estate of a decedent, the proper remedy for a lien creditor to enforce a sale, was under the Act of 29th March, 1832, by petition to the Orphans' Court; and that delay in making sale for the payment of debts by an executrix, who had discretionary power of sale under the will, furnished no just cause for her removal.

In the present case the plaintiff seeks to recover on substantially the same facts that were shown in the case cited. If the plaintiff has any remedy for alleged misfeasance or negligence of Mrs. Parsons, as executrix of her husband's will, in the care and management of his estate, the proper place to seek that remedy is in the Orphans' Court. The power given and the trust committed to her are both *virtute officii*. The trust is not given to her by name but as executrix. Then not only has the Orphans' Court full power to charge and surcharge her for dereliction of duty as such executrix, but it has sole jurisdiction of the testamentary trust imposed upon her. Innes's Estate, 4 Whar., 184; Brown's Appeal, 2 Jones, 333; Wapples' Appeal, 24 P. F. Smith, 100. There. and there only is her liability under the trust to be settled and determined. The ground on which the plaintiff seeks to maintain this action arises from the facts that it was a creditor of the testator, and that she as his executrix, did not properly discharge her duty and trust, but was derelict therein, and mismanaged the estate to the injury of his creditors, of which the plaintiff was one.

Section 2 of the Act of 29th March, 1832, declares the Orphans' Court "to be a court of record with all the qualities and incidents of a court of record at common law." Section 19 of the Act of 16th June, 1836, Pur. Dig., 1104, pl. 8, declares "the jurisdiction of the several Orphans' Courts shall extend to and embrace, *inter alia*, all cases within their respective counties wherein executors, administrators, guardians or trustees may be possessed of or in any way accountable for, any real or personal estate of a decedent."

These Acts and the enlarged powers and jurisdiction given to the Orphans' Court, make the case of Torr's Estate, 2

Rawle, 250, and kindred early authorities, based on the then limited powers of the court, inapplicable now. While it has not the general jurisdiction of a court of equity, yet within the sphere of its jurisdiction, it is essentially such in its proceedings and in its decrees. Culbertson's Appeal, 26 P. F. Smith, 145.

Although Mrs. Parsons was the residuary devisee, yet that fact does not aid the plaintiff. The claim to recover does not rest on any breach of her personal agreement to sell the property. No sale which she could have made as devisee, would have divested the liens or passed a title of any value to the purchaser. It was by virtue of the trust and her power as executrix, that a sale by her would have aided the plaintiff. It is only by her delaying so to sell that any creditor of her husband's estate was injured.

It follows there was no error in entering judgment in favor of the defendant.

Judgment affirmed.