## Appeal of Pennsylvania Company for Insurance on Lives and Granting of Annuities.   Watt's Estate.

*Wills—Rents from residuary real estate—Power of sale.*

A power of sale in a will does not work an immediate conversion of the land as between the executor and the heir or legatee, but the title which accrued on the death of the testator remains in the heir or legatee, until divested by sale made under an order of the orphans' court, or the power contained in the will.

In such a case the executor has no authority to collect the rents accruing from the residuary real estate and to use them as assets of the testator's estate.

Argued March 29, 1895.   Appeal, No. 194, Jan. T., 1895, by the Pennsylvania Company for Insurance on Lives, from decree of O. C. Phila. Co., Jan. T., 1887.. No. 202, on exceptions to adjudication.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to adjudication.

The facts of this case appear in Sloan's Appeal (the next preceding case).

*Error assigned* was the first paragraph of the decree of the court below, which was as follows: " So much of the items in the account as are rentals received from the residuary real estate, less all credits claimed for the payment of taxes and expenditures by the accountant in connection therewith and commissions claimed thereon, is awarded to the residuary devisees under the will of the decedent."

*John G. Johnson,* for the appellant.

*Francis Rawle* and *Edward Otis Hinkley,* for Rebecca E. Sloan, appellee.

OPINION BY MR. JUSTICE WILLIAMS, May 27, 1895 :

The question raised by this appeal may be stated thus : Who is entitled to the possession of a testator's real estate after his decease ?   In the case of an intestate the question would not be regarded as an open one.   Upon his decease his personal estate goes to his administrator but his real estate descends to his heirs at law.   What persons shall inherit as heirs at law is a question that has been answered differently by the laws of different countries ; but when they have been designated they take at once, and in fee, eo instanti, the death of the owner.

The course of descent can be broken or changed only by deed or will, for it is a settled principle of law that the heir cannot be disinherited except by express words or by clear implication. The administrator cannot interfere with the inheritance, and if he goes into possession or receives the rents therefrom he holds the same not as the assets of his intestate but as the agent or trustee of the heir at law : Walker's Appeal, 116 Pa. 419. The same thing is true of an executor. He has no estate in the testator's lands by virtue of his office as executor. If rents accruing after the testator's death come into his hands he cannot apply them to the payment of debts or legacies : Stoops' Estate, 31 P. L. J. 34; Fross's Appeal, 105 Pa. 258. The general rule is therefore that an executor has no right to the possession of the testator's real estate unless it is given him by the will. An executor or an administrator may sell the real estate for the payment of debts or legacies when the necessity for so doing is made apparent to the orphans' court and an order is made by that court authorizing such sale, but until then they have nothing to do with it. The testator may, as the testator in this case did, authorize his executor to make such sale, and such authority appearing in the will renders an order by the orphans' court unnecessary. In that case the executor may judge in the first instance of the necessity for the sale, and he may then proceed to make it. The proceeds then become assets in his hands and he may and must apply them to the payment of debts and legacies. In this case the executor has the rents of the real estate in his hands amounting to about twenty-five thousand dollars, and the residuary legatees ask that it be paid to them. The executor on the other hand claims the right to treat this money as assets and apply it to the payment of legacies. The contention is, as we understand it, that residuary legatees, being entitled to appropriate so much only of the property real and personal of the testator as remains upon the settlement of all demands against the estate, cannot take possession of the real estate until final settlement has been made and the residue precisely ascertained. But the premises do not support the conclusion. The residuary legatee, like the heir at law, takes the title of the testator upon his death. The title descends under the law to the heir. It comes by gift to the legatee. It comes to both subject to

such incumbrances as have been suffered or imposed by the former owner, and the title of both may be defeated or divested whenever the discharge of such incumbrances requires it. It is the "rest, residue and remainder" only that the heir at law can finally appropriate. The residuary legatee is no worse off. Until actual conversion becomes necessary, the heir, and the residuary legatee as well, is entitled to the possession as an incident to the title, and nothing but a positive provision in the will can deprive him of it. A power of sale does not work a conversion of the land as between the executor and the heir or legatee : Blight v. Wright, 1 Phila. 549; but the title which accrued on the death of the testator remains in the heir or legatee until divested by sale made under an order of the orphans' court, or the power contained in the will. So long as the title remains undivested the right to the possession remains : Erie Dime Savings and Loan Co. v. Vincent, Exr., 105 Pa. 315. If the executor collected the rents under an agreement with the residuary legatees that the amount received should be held as assets, and used in the payment of the pecuniary legacies, this agreement should have been proved and relied on in the court below. No such agreement was shown. It is urged that a power to sell authorizes the executor to take possession, else he could not give possession to the purchaser. The reply is that the residuary legatees do not question his right to take possession for the purpose of making a sale. What they deny is his power to collect the rents and use them as assets of the testator. In this we think they are right, and the learned orphans' court committed no error in sustaining their contention.

The decree is affirmed. The appellant to pay the costs of this appeal.