## Kreise et al., Appellants, *v.* Cartledge.

*Equity—Executors and administrators — Real estate — Management of—Agency—Tenants in common.—Partnership—Death of partner—Accounting.*

**1.** In the absence of evidence to prove that real estate owned by

partners jointly was held by them for partnership purposes, the presumption is that such real estate was not partnership property.

2. Where, upon the death of partners, possession of real estate owned by the two partners jointly, was retained under a lease by the sons of the former partner, who continued the business as a new firm, such real estate, even though formerly partnership property, ceased to be such on the dissolution of the old firm.

3. In the absence of necessity, and in default of express provisions in the will, an executor or administrator, as such, is without authority or control over the realty belonging to the estate. Such property descends directly to the heirs or to the persons designated in the will, and, although the executor or administrator may undertake to collect rent received from such real estate, he does so not in his official capacity, but merely as agent for the heirs.

4. A member of a partnership died, leaving his interest in his business to his son; one-third of his remaining property to his wife for life, and, upon her death, to his son and daughter, and the remainder to his son and daughter; the son and daughter were named executors of the decedent's estate. The old partnership was dissolved and the son formed a new partnership with a son of the surviving partner, and continued the business of the old firm. Certain realty held by both partners jointly was leased to the new firm, at an annual rental of $3,000, decedent's wife and the two executors joining in the lease. On the expiration of the term, the new firm continued to occupy the premises for eighteen years as tenants from year to year, during which time the real estate greatly enhanced in value. During such period the son managed the affairs of the family and of the estate, and collected the rent from all the decedent's real estate and properly accounted therefor. In a suit in equity brought by the wife and daughter against the son, to compel him to account for the rental value of the property over and above the rent paid, it appeared that plaintiffs had had notice of the increase in value, but had nevertheless acquiesced in the rental received; that the real estate leased to the new firm was not partnership property of the old firm and was not therefore part of decedent's personal estate and that in collecting the rents thereof, the son acted as agent for himself and the other heirs and not in his capacity as executor, and there was no question as to the fairness of the lease at the time when it was made. Held, the lower court properly dismissed the bill.

5. In such case, defendant was not liable as a tenant in common, since in that capacity he did not sustain the relation of agent to the others except so far as expressly or impliedly agreed between them.

Mr. Justice STEWART dissents.

Argued May 7, 1918.　Appeal, No. 338, Jan. T., 1917, by plaintiffs, from decree of C. P. No. 1, Philadelphia Co., March T., 1917, No. 2490, dismissing bill in equity for an accounting, in case of Elizabeth Y. Kreis and Emma B. Cartledge v. Alfred B. Cartledge.　Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.　Affirmed.

Bill in equity for an accounting.　Before BREGY, P. J. The opinion of the Supreme Court states the facts.

The court on final hearing dismissed the bill.　Plaintiffs appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law of the trial judge and the decree of the court.

*R. D. Brown,* of *Brown & Lloyd,* for appellants.—The defendant was acting executor in charge of the affairs of his father's estate and charged with the duties inherent in that position.

A lease was executed by the defendant as one of the executors, to the firm in which he was a partner and defendant acted as the representative of the estate in its dealings with his firm.

The duty of the defendant as executor lasted so long as he continued to collect the rents of this and the other properties and to manage the family affairs.　He was bound to discontinue the lease or obtain a proper rental as soon as the rental became inadequate.

' Due to the extraordinary increase in values of central realty, the rental fixed in 1898 became wholly inadequate. This fact was known to defendant, but he took no action and from that time made an unfair profit at the expense of those for whom he acted: Cunningham's App., 122 Pa. 464.

The plaintiffs were entitled to rely upon the defendant to obtain a fair rental or to advise them when the rental had become inadequate.

The defendant failed to so advise them, and must account to them for the sum by which he individually profited.

*Lewis Lawrence Smith,* for appellee.—The defendant is not liable as an executor: Eberly v. Koller, 209 Pa. 298.

The defendant had no authority to collect rents due by virtue of his office as executor: Herron v. Stevenson, 259 Pa. 354; Morrison's Est., 196 Pa. 80; Merkel's Est., 131 Pa. 584; Devlin's Est., 26 D. R. 161.

Even if the defendant was trustee for the plaintiffs, the facts would not warrant a decree in their favor: Landis v. Scott, 32 Pa. 495; Holt's Est., 11 D. R. 731; Sill's Est., 39 Pitts. L. J. 292.

Trustees are not liable beyond what they actually receive except in cases of gross negligence: Calhoun's Est., 6 Watts 185; Neff's App., 57 Pa. 91; Stewart's App., 110 Pa. 410; Semple's Est., 189 Pa. 385; Waddell's Est., 196 Pa. 294.

Even where there is a breach of trust, the trustee is not liable when the breach occurs with the sanction of the cestui que trust: Inlow v. Christy, 187 Pa. 186.

OPINION BY MR. JUSTICE FRAZER, July 17, 1918:

Thomas Cartledge died in 1898 leaving a will in which he gave to his son, Alfred B. Cartledge, his one-half interest in a partnership engaged in business under the name of Pennock Brothers. The remainder of his real and personal estate he distributed; one-third to his wife for life with remainder to his daughter Elizabeth Kreis and son Alfred B. Cartledge in equal parts; the other two-thirds to the above named daughter and son; appointing the latter executors with power "to sell any or all of my real estate at public or private sale upon such terms as they shall deem most advantageous." Among the property belonging to testator's estate was his one-half interest in the real estate, No. 1514 Chestnut street,

Philadelphia, occupied by the firm of Pennock Brothers. Following the death of testator, the widow and executors joined with the survivor of the old firm in executing a lease of these premises from June 8th to August 1, 1908, to Alfred B. Cartledge and J. L. Pennock, new partners in the firm of Pennock Brothers, at the annual rental of $3,000, and also the payment of interest on a mortgage on the demised premises, together with taxes and water rent. The lease contained a provision that in absence of a notice of termination at the end of the term it should continue in force from year to year until ended by thirty days' notice, by either party, previous to the expiration of a current term. The active work incident to settlement of the estate was left to defendant, Alfred B. Cartledge, and no formal account was filed by the executors, nor was the estate divided between the parties; it being treated as a whole by mutual consent and the income apportioned. Defendant attended to the business affairs of the family and collected rents from the various properties, including that leased to Pennock Brothers. No claim is made that his accounts were not properly kept or the proceeds fully accounted for. The lease to the partnership continued to run for a period of eighteen years without change of terms. In the meantime the property had greatly enhanced in value, and plaintiffs now contend the rental paid since 1901 was totally inadequate and seek to procure payment from defendant for one-half the difference between the rental value received and what they contend would be a fair rental of the property based on the increased market value; their theory being that defendant occupied toward them a relationship of trust, which imposed on him the duty to suggest an increase in rent by the firm of which he was a member, and, failing in that, he profited by his wrong to an extent represented by his one-half interest in the partnership. Plaintiffs contend further that defendant, having acted in the capacity of executor, the burden was on him to show he exercised the degree

of care and business judgment in conducting the affairs of the estate a prudent business man would exercise in the management of his individual property. The court below excluded evidence to show increase of rental value and dismissed the bill, from which action this appeal was taken.

That the lease when made was reasonable and called for a fair rental based on value at that time is undisputed. Also that while plaintiffs left the management of their affairs to defendant they received notice of an increase in the assessment of the property for taxable purposes, were regularly consulted with regard to the matters in which they were jointly interested, accounts submitted to them and settlement made each year, and no request was made by them at any time for an increased rental. Although the lease was signed by the son and daughter as executors of their father's estate, they had no control over the realty as such. While real estate belonging to a partnership is considered personalty for partnership purposes, it is realty so far as the heirs and legal representatives of the partners are concerned: Haeberly's App., 191 Pa. 239. Furthermore, it does not appear from the record that the real estate in question, though owned by the former partners jointly, was held by them for partnership purposes, and in absence of such evidence we must presume it was not partnership property: Shafer's App., 106 Pa. 49. Aside from this question the old firm was dissolved, the business given over to the sons of the former partners, and the realty retained; so that, even if it were formerly partnership property, it ceased to be such on the dissolution of the old firm; consequently, for the present purposes, it must be considered realty. In absence of necessity, such as sale for payment of debts, and on default of express provision in the will, an executor or administrator as such is without authority or control over the realty belonging to the estate. Such property descends directly to the heirs or to the persons designated in the

will of testator.    Although an executor or administrator
may undertake to collect rents received from real estate,
he does so, not in his official capacity, but merely as
agent for the heirs: Penna. Co. for Ins., Etc., App., 168
Pa. 431; Herron v. Stevenson, 259 Pa. 354.    In this case
the will contains a provision authorizing the executors
to sell real property belonging to the estate; there is,
however, no absolute direction to sell sufficient to
amount to a conversion of the realty and no sale has been
made, nor did necessity for sale arise.    The estate was
solvent and the personal property sufficient to satisfy all
liabilities.    Neither does the will contain a trust, or other
provision, whereby it might be inferred the power of
sale was intended to continue indefinitely and we find
nothing in the case imposing upon defendant the duties
or obligations of an executor with reference to the prop-
erty in question.    Under such circumstances, the power
of sale must be limited to the ordinary purposes incident
to the settlement of the estate and will not be construed
as extending the power of the executors over the real es-
tate for an indefinite period: Penna. Co. for Ins., Etc.,
App., supra; Eberly v. Koller, 209 Pa. 298.

Defendant in continuing to act for the others in the
care and management of the common property for a
period of eighteen years was acting merely as agent.
As such he was bound to act in good faith and with loy-
alty to his principal, and could not be permitted to deal
with the subject-matter of his agency so as to make a
profit out of it without disclosing all the circumstances
to his principal: Everhart v. Searle, 71 Pa. 256; Persch
v. Quiggle, 57 Pa. 247; Wilkinson v. McCullough, 196
Pa. 205; 2 C. J. 694, Sec. 354.    The court below found
there was no evidence of concealment or fraud on his
part.    Plaintiffs were aware defendant's interest as a
member of the lessee firm was antagonistic to theirs as
landlord, had ample opportunity during the eighteen
years to discover for themselves whether or not a fair
income was being realized from the property, in view of

the increase in valuation subsequent to the date of the lease, and, if not, terminate it at the end of an annual period. No higher duty was imposed upon defendant as tenant in common since, in that capacity, he did not sustain the relation of agent to the others, except so far as was expressly or impliedly agreed between them: Cavany v. Curtis, 257 Pa. 575.

The judgment is affirmed.

Mr. Justice STEWART dissents.