*515 OPINION.
Milliken:
The petitioners contend, first, that the income from the real estate devised to them by Joseph W. Craig, deceased, was income received by the estate of said testator while in process of administration, and was taxable to the executors, and, second, if this is not true, they then contend that the income was received by said executors under the agreement of June 24, 1912, between them and the petitioners; that this agreement created a trust; that under the terms of the agreement, the income was distributable at the discretion of the executors; and that the income should be taxed solely to the executors ás trustees. The petitioners cite Appeal of Brown *516 & Ives, Trustees, 2 B. T. A. 936, and Mary L. Barton, Trustee, v. Commissioner, 5 B. T. A. 1008, and contend that these decisions support their contention.
Section 219 of the Revenue Act of 1918 contains the following:
(a) That the tax imposed by sections 210 and 211 shall apply to the income oí estates or of any kind of property held in trust, including—
(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;
(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;
(3) Income held for future distribution under the terms of the will or trust; and
(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.
The petitioners contend that the estate of Joseph W. Craig was still in process of administration at the end of the year 1921, and from this deduce the conclusion that the income from the real estate devised by the said testator to the petitioners, was income received by his estate during the period of administration or settlement. By conceding, for the purpose of this opinion, that the estate was in process of settlement, we are met at the outset with the question whether the income received from the real estate, under the facts of this case, was income to which the estate as such was entitled. It is at once apparent that the income, referred to in the statute as the income of an estate, is income which belongs to the estate and which it is the right and duty of the personal representative to collect. If in this case the income from the real estate did not belong to the executors as such, then it was no more the income of the estate of Joseph W. Craig than if the executors had reached out and brought into the estate their own personal income or the income of any third person. Whether the income arising from the real estate directly devised to the petitioners, was income of the estate of the testator, is to be determined by the laws of Pennsylvania.
From the earliest times down to the passage of the Fiduciaries Act of June I, 1917 (P. L. 447), it was the law of Pennsylvania that neither an administrator nor an executor, unless authorized by the will of his testator, had any right of control or management of real estate which descended to heirs or was devised to devisees and if such personal representative collected the rents arising from real estate, he acted either as an intermeddler, or, if authorized, as the agent of the heirs or devisees, as the case might be. Among the numerous decisions of the Pennsylvania courts, on this question, are: Haslage v. Krugh, 25 Pa. 97; Fross’ Appeal, 105 Pa. 258; In re Duffy’s Estate, 209 Pa. 390; 58 Atl. 840; In re Blodgett's Estate, 254 *517 Pa. 210; 98 Atl. 876; In re Watt's Estate, 168 Pa. St. 431; 32 Atl. 25, In re Reel's Estate, 263 Pa. 248; 106 Atl. 227; Kreis v. Cartledge, 262 Pa. 55; 104 Atl. 855.
The rule laid down in the above cases was partially changed by the Fiduciaries Act of June 7, 1917, above referred to. That act provides in part:
Rents of real estate accruing after the death of the owner of such real estate, who shall die on or after the day on which this act shall go into effect, shall be assets for the payment of debts of such decedent whenever the personal estate shall be insufficient therefor.
Referring to this statute, the court said, in Reel's Estate, supra:
This is new and very wise legislation, for before its passage, the rents accruing from the real estate of a decedent owner went to his heirs and devisees from the time of his death (Haslage v. Krugh, 25 Pa. 97; Fross’ Appeal, 105 Pa. 258) ; and the heir or devisee of an insolvent decedent took such rents at the expense of the creditors of the estate. To remedy this long-existing injustice by making rents, as well as the land out of which they issue, assets for the payment of the debts of a decedent, the fourteenth section of the Act of 1917 was passed.
Since Joseph W. Craig died long prior to the effective date of the Fiduciaries Act of June 7, 1917, that act does not apply to this case. Under the law of Pennsylvania, as it existed at the date of the death of Joseph W. Craig, the executors of his will had no right or title to the real estate devised to the petitioners, nor had they any right to the rents thereof unless there is found in his will some provision which confers on them such rights.
It is to be observed that the testator did not devise his real estate to his executors but devised it directly to the petitioners. The only provision in his will which gives his executors any power or right whatever with respect to his real estate, is the fifth clause thereof. That clause conferred on the executors a naked power of sale for the purposes of the will and for reinvestment. In this connection it is well to recall that the real estate of the testator was never in danger of sale for the payment of debts. After the payment of all debts and liabilities, the executors distributed among the residuary legatees, $1,831,646.73. Another pertinent fact is that all the testator’s debts were paid and his estate relieved of all its contingent liabilities prior to September 23, 1914. Thus, there was. no necessity for any sale blithe executors for the payment of debts and there were no debts after September, 1914. Nor is it necessary to consider what would have been the result if the executors had sold the real estate for the purpose of reinvestment. It does not appear that they exercised this power. It is stipulated that income in controversy is exclusively income from the real estate owned by the petitioners as devisees of Joseph W. Craig.
*518 The remaining question presented is whether the unexercised power of sale conferred upon the executors, gave them the right to collect the income arising from the real estate which was devised, not to them, but directly to the petitioners. This question has been answered in the negative by the Pennsylvania courts since the decision in 1855 in Blight v. Wright, 1 Phila. 549. See also Estate of John Myers, 9 Phila. 310; Walker's Appeal, 116 Pa. St. 419; 9 Atl. 654; Kreis v. Cartledge, supra; and Watt's Estate, supra. In the last case, the facts were that an executor upon whom had been conferred a power of sale, had in his hand, rentals to the amount of $25,000, which he had appropriated to the estate from real estate devised, as in this case, directly to the beneficiaries. The executor claimed the right to treat this fund as assets of the estate and apply it to the payment of legacies. This right the devisees denied. The court thus stated the question:
The question, raised by this appeal may be stated thus: Who is entitled to the possession of a testator’s real estate after his decease? In the case of an intestate, the question would not be regarded as an open one. Upon his decease, his personal estate goes to his administrators, but his real estate descends to his heirs at law.
Again the court said:
The administrator cannot interfere with the inheritance, and if he goes into possession, or receives the rents therefrom, he holds the same, not as the assets of his intestate, but as the agent or trustee of the heir at law. Walker’s Appeal, 116 Pa. St. 419, 9 Atl. 664. The same thing is true of an executor. He has no estate in the testator’s lands by virtue of his office as executor. If rents accruing after the testator’s death, come into his hands, he cannot apply them to the payment of debts or legacies. Stoops’ Estate, 31 Pittsb. Leg. J. 34; Fross’ Appeal, 105 Pa. St. 258. The general rule is, therefore, that an executor has no right to the possession of the testator’s real estate unless it is given him by the will. An executor or an administrator may sell the real estate for the payment of debts or legacies, when the necessity for so doing is made apparent to the orphans’ court, and an order is made by that court authorizing such sale, but until then they have nothing to do with it. The testator may, as the testator in this case did, authorize his executor to make such sale, and such authority appearing in the will renders an order by the orphans’ court unnecessary.
The court concluded:
Until actual conversion becomes necessary, the heir, and the residuary legatee as well, is entitled to the possession, as an incident to the title, and nothing but a positive provision in the will can deprive him of it. A power of sale does not work a conversion of the land, as between the executor and the heir or legatee. Blight v. Wright, 1 Phila. 549. But the title which accrued on the death of the testator remains in the heir or legatee until divested by sale made under an order of the orphan’s court, or the power contained in the will. So long as the title remains undivested, the right to the possession remains. Loan Co. v. Vincent, 105 Pa. St. 315. If the executor collected the rents under an agreement with the residuary legatees that the amount *519 received should be held as assets, and used in the payment of the pecuniary legacies, this agreement should have been proved and relied on in the court below. No such agreement was shown. It is urged that a power to sell authorizes the executor to take possession, else he could not give possession to the purchaser. The reply is that the residuary legatees do not question his right to take possession for the purpose of making a sale. What they deny is his power to collect the rents and use them as assets of the testator. In this we think they are right, and the learned orphans’ court committed no error in sustaining their contention.
Under the authorities cited, it is clear that the executors of Joseph W. Craig at no time had title to or control over the real estate devised to the petitioners; that they had no right as executors to collect the rents arising from such realty; and that the income from such realty was never income of the estate. It therefore becomes unnecessary to decide whether the estate of Joseph W. Craig was in process of administration in the years 1918, 1919, and 1920, the years involved in this proceeding. It is sufficient to hold that the income from the realty was not income of the estate of Joseph W. Craig. It was the income of the petitioners unless the contract of June 24, 1912, between them and the executors created a trust. If that contract created a trust, then income from the trust was taxable as provided in section 219 of the Revenue Act of 1918. If, on the other hand, the executors were only the agents of petitioners, then such income collected by the executors was the income of the petitioners and taxable to them.
The terms “ agent ” and “ trustee ” are thus distinguished in Taylor v. Davis, 110 U. S. 330:
A trustee is not an agent. An agent represents and acts for Ms principal, wbo may be either a natural or artificial person. A trustee may be defined generally as a person in whom some estate, interest, or power in or affecting property is vested for the benefit of another. When an agent contracts in the name of his principal, the principal contracts and is bound, but the agent is not. When a trustee contracts as such, unless he is bound, no one is bound, for he has no principal.
Applying the above definition, we find that by the third clause of the agreement, the executors were empowered to execute and deliver deeds and leases but only on “behalf of the parties hereto.” The executors were to contract in behalf of their principals. That is, they were to contract as agents. This was not only the extent of the executors’ authority under the contract, but when a conveyance was made, the deed was signed and acknowledged by all the petitioners by their attorneys in fact, the executors. The fact that the petitioners made the executors their attorneys in fact, conferred no new power on the executors as such. The result would have been the same if they had conferred the same authority on the same persons as individuals or on other persons.
*520 Further, there is lacking one essential element of a trust. The legal estate was not conferred upon the executors; it was retained by the petitioners. There Avas no division of the title. In Seymour v. Freer, 8 Wall. 202, it was said:
A trust is where there are rights, titles, and interests in property distinct from the legal ownership. In such cases, the legal title, in the eye of the law, carried with it, to the holder, absolute dominion; hut behind it lie beneficial rights and interests in the same property belonging to another.
In Goodwin v. McMinn, 193 Pa. St. 646; 44 Atl. 1094, the term “ trust ” is thus defined:
A trust is where the legal estate is in one and the equitable estate is in another.
The rule is thus stated in Danforth v. City of Oshkosh, 119 Wis. 262; 97 N. W. 258:
The question is whether the testator’s intent involved the elements of a trust as known to the law. The most important of those elements is a severance of the legal title with power of control over the property from the beneficial interest therein. If the donee of the legal title is to control and manage the property entirely for his own benefit, there is no trust. 1 Perry Trusts (4th Ed.) § 13. “A trust exists where the legal interest is in one person and the equitable interest in another.” Wallace v. Wainwright, 87 Pa. 263.
To the same effect see Dillenbeck v. Pinnell, 121 Iowa 201; 96 N. W. 860; Allen v. Rees, 136 Iowa 423; 110 N. W. 583; Hospes v. Northwestern Manufacturing & Car Co., 48 Minn. 174; 15 L. R. A. 470.
The fact that it is protúded in the first clause of the agreement that it is irrevocable for five years unless all the parties agree thereto, does not have the effect of changing what is a power of attorney into a conveyance in trust. A power of attorney as such may be irrevocable if based on a valuable consideration, especially where the consideration runs to others than the attorney in fact. See Hunt v. Rousmanier, 8 Wheat. 174; Wood v. Kerkeslager, 225 Pa. 296; 74 Atl. 174.
After careful consideration of all the provisions of the agreement of June 24, 1912, we are clearly of the opinion that that agreement did not create a trust and that the executors Avere under the agreement merely the agents of the petitioners. This being the case, the title to all the real estate involved remained in the petitioners as did also the ownership of all income arising therefrom, which was received by the agents for the benefit of their principals. All the parties, both agents and principals, kept their accounts on a cash receipts and disbursements basis. When the agents received income from the real estate, it belonged to their principals. The agents were actiim for their principals and receipt by them of income was •receipt by their principals.
*521 Respondent did not err in taxing as income of petitioners, the income derived from the real estate devised to them by Joseph W Craig.
The petitioners are, for the respective years in which deficiencies have been determined as to each, entitled to deductions for depreciation on the values and at the rates set forth in the findings of fact, and also to deductions for the amount of losses set forth therein, which were incurred in the operation for profit of certain farms.
The petitioners, Matilda S. McCready and Mary E. C. Brace, are entitled to have their gain arising from a sale in 1920 of the property 46-48 Eighteenth St., Pittsburgh, determined on the basis of its March 1, 1918, value, since that value was in excess of cost. The March 1, 1913, value was $38,400.
Judgment will he entered on W days’ notice, wider Bule 60.