Shornhorst *v.* Peoples Savings & Trust Co. et al.

Argued October 2, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

520

*E. A. Sefler,* for appellant.—If this is an indefinite term power which can be revoked, it violates the public policy rules of restraint on alienation and the Pennsylvania rule against perpetuities: Ledwith v. Hurst, 284 Pa. 94; Lilley's Est., 272 Pa. 143; Wise v. Rupp, 269 Pa. 505; Geissler v. Trust Co., 257 Pa. 329; Kountz's Trust, 251 Pa. 582; Kissam v. McEllicott, 280 Fed. 211; Saffold v. Wright, 228 Ky. 595; Tyler v. Country Club, 284 Pac. 247.

There is no need for court protection through its trustees, who are always court officers, because there are no creditors specially required to be protected, as there is no insolvent estate. The plaintiff is adequately protected by the prompt relief open to him in a suit upon his bond to which there could be no defense. Reasonable men who wait ten years before suing for interest on their bonds do not need the protection of a court of equity: Harper v. Lukens, 271 Pa. 144; Hall v. Hoff, 295 Pa. 276; Franklin Nat. Bank v. Coal & Coke Co., 300 Pa. 479; Keen's Est., 221 Pa. 201; Brown v. Bank, 288 Pa. 478.

Ten years is entirely too long to wait for the collection of interest on bonds: St. Peter's E. Luth. Church v. Kleinfelter, 96 Pa. Superior Ct. 146; Stampalia v. Murphy, 34 Fed. (2d) 660.

*M. J. Hosack,* for appellee.—The only question involved in this appeal is, whether or not the power of attorney is revocable. That question can be answered in the negative for two reasons: (1) the purpose and substance of the agreement,—that is a matter of legal construction; and (2) the parties agreed that it should be joint and irrevocable,—that is an averment of fact un-

denied, read from the bill into the evidence and so found as a fact by the trial judge.

OPINION BY MR. JUSTICE SCHAFFER, November 24, 1930:

Some of the questions propounded on this appeal were not raised in the court below and others have no relevance to the one which is controlling, which is: Whether the power of attorney given by the holders of more than fifty per cent of the bonds secured by a mortgage directing the attorneys in fact to notify the trustee therein to foreclose it is revocable.

The mortgage was given by the Capon Springs Company to Peoples Savings & Trust Company of Pittsburgh as trustee. The outstanding bonds amount to $192,500. Persons holding bonds amounting to $97,500, being more than fifty per cent of those outstanding, joined in a power of attorney declaring that the mortgagor had defaulted in the payment of interest, and named two individuals as their attorneys in fact to represent them, and to act for them in the protection of their interests in the bonds and the collection of the money due thereon. Each of the signers of the letter of attorney recited therein that he joined his claim with the other claims which the attorneys in fact had of other bondholders. The paper directed the attorneys to call upon and instruct the trustee to foreclose the mortgage in accordance with its terms, which provide for foreclosure upon default in payment of interest on demand of the holders of fifty per cent of the bonds outstanding. The parties agreed that their bonds could be used in the payment of the purchase price at the foreclosure sale and that each would pay a proportionate share of assessments made by the attorneys in fact for expenses, counsel fees and court costs. As found by the court below, each of the bondholders signing the power of attorney knew that he alone had not the required number of bonds to call upon the trustee to foreclose, and it was their

intention and impliedly they so agreed that they would act jointly.

It appears that $30,000 worth of the bonds represented in the letter of attorney were owned by John S. Scully, Jr., one of the signers thereof, and it is claimed that since the execution of that document they have been sold by Scully to appellant Atkinson, but not delivered to him because they had been deposited with one of the attorneys in fact. Atkinson now claims the right to revoke the power. The court below decided that he cannot do so. Purchasing the bonds from Scully, with knowledge of the situation, Atkinson acquired them subject to the terms of the power of attorney under which they were deposited with the attorney in fact. He purchased the bonds without delivery having been made to him at the time. He thus acquired no greater right than his vendor had and since the bonds could not have been withdrawn by the vendor, neither could they be withdrawn by the purchaser from him. As was said by the learned president judge of the court below, the document in question is more than a mere power of attorney. It is a contract between the parties executing it and is an implied undertaking of each with the other for a consideration. "Where a letter of attorney forms a part of a contract, and is a security for money, or for the performance of any act which is deemed valuable, it is generally made irrevocable in terms, or, if not so, is deemed irrevocable in law. Although a letter of attorney depends, from its nature, on the will of the person making it, and may, in general, be recalled at his will; yet, if he binds himself for a consideration, in terms, or by the nature of his contract, not to change his will, the law will not permit him to change it": Wood v. Kerkeslager, 225 Pa. 296, 303; 1 Mechem on Agency, 2d ed., section 581. See also Boyer v. Nesbitt, 227 Pa. 398.

The decree of the court below is affirmed at appellant's cost.