# Neumann's Estate.

*Will—Conversion—Power of sale.*

1. A conversion under a will only takes place when (1) there is a positive direction to sell, or (2) an absolute necessity to sell for the purpose of carrying out the provisions of a will, or (3) such a blending of real and personal estate by the will as clearly discloses an intention on the part of the testator to create a fund out of both real and personal property which he bequeaths as money.

2. Where there is no positive direction to sell, and a power only is given to the executors to be exercised at their discretion, and there is no absolute necessity to sell apparent from the terms of the will, the will works no conversion of the real estate.

.3. Lands subject to a power of sale pass to the devisee until the power is exercised, pending which exercise the devisee is entitled to the rents.

Argued Oct. 6, 1909. Appeal, No. 40, Oct. T., 1909, by Helen G. Finletter, from decree of O. C. Phila. Co., Jan. T., 1891, No. 27, dismissing exceptions to adjudication in Estate of Joseph Neumann, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to adjudication.

Testator gave all of his estate, real and personal, to his widow and daughter for their lives and the life of the survivor of them. On their death $25,000 in five legacies of $5,000 each was given to certain charitable institutions. Testator further directed as follows:

" Sixth. Two-thirds of the balance of my estate, after the

death of my wife and daughter, I give and bequeath to the child or children, my said daughter Anna Clara may leave surviving her, or the issue of any deceased child or children, such issue to take the share his her or their parent would have taken if then living, provided and only in the event as each of them attains the age of twenty-one years, such child or children, or the issue of such child or children to be supported and maintained out of the income during minority.

" The rents, issues, profits and income of the remaining one-third of my estate, I give, bequeath and devise to my son-in-law Horace Pinckney for and during the term of his natural life, and after his death, I give the principal or one-third to the child or children my said daughter may leave surviving her as above more fully set forth.

" Tenth. I give my executors full and ample power and authority to sell any part or the whole of my real estate, upon such terms and in such manner as in their judgment will be most advantageous, provided the orphans' court of said city approves the same—And I order and direct that no security or bond of any kind shall be required of my executors."

On the death of his wife and daughter, and the extinction of his own line, he bequeathed three sums of money, namely, $50,000, $30,000 and $30,000 in trust for his niece (the appellant) and his widow's two sisters for their lives, and $1,000 each to the two children of a relative. Ten (by codicil, thirteen) charitable institutions were then made his residuary legatees. A codicil of February 8, 1889, republishing the will, reduced the $50,000 legacy to the appellant to $30,000, and made some minor changes and additions to the list of residuary legatees.

Testator was survived by his widow and daughter, the latter without issue.

Subsequently the daughter died leaving no issue, and her death was followed by the death of the widow.

Letters testamentary were granted to the Provident Life & Trust Company. The latter filed an account showing as principal for distribution proceeds of certain real estate. The income was from rents collected since the death of the

widow.  The auditing judge awarded the principal among the five charitable legatees, and the income among the residuary legatees.

Exceptions to the adjudication were filed by Helen G. Finletter.

The court in banc in opinions by LAMORELLE, J., and PENROSE, J., dismissed the exceptions to the adjudication.

*Errors assigned* were in dismissing exceptions to the adjudication.

*William H. Shoemaker*, with him *Thomas D. Finletter*, for appellant.—The will worked a conversion: Vanuxem's Est., 212 Pa. 315; Rose's Est., 19 Phila. 98; Fahnestock v. Fahnestock, 152 Pa. 56; Hunt's App., 105 Pa. 128; Rauch's Est., 21 Pa. Superior Ct. 60.

*Ira Jewell Williams*, with him *Alex. Simpson, Jr.*, and *C. B. D. Richardson*, for appellee.

OPINION BY HENDERSON, J., December 13, 1909:

It has frequently been said that a conversion under a will only takes place when (first) there is a positive direction to sell, or (second) an absolute necessity to sell for the purpose of carrying out the provisions of a will, or (third) such a blending of real and personal estate by the will as clearly discloses an intention on the part of the testator to create a fund out of both real and personal property which he bequeaths as money: Hunt's App., 105 Pa. 128; Irwin et al. v. Patchen, 164 Pa. 51; Cooper's Est., 206 Pa. 628; Scott's Est., 37 Pa. Superior Ct. 198.  There is no positive direction to sell in the will under consideration.  A power only is given to the executors to be exercised at their discretion.  Nor can it be successfully contended that an absolute necessity to sell is apparent from the terms of the will.  If the testator's daughter had left issue over the age of twenty-one years the provisions of the will would have been fully executed without any necessity for the sale of the real estate, and certainly the occurrence of

this contingency could not have been in the testator's mind as a fact inducing him to contemplate a conversion in any event. If the will provided a scheme of distribution which necessarily involved the sale of the real estate, there would be force in the appellant's argument. Vanuxem's Est., 212 Pa. 315, would be an authority in support of it. But it is only because a conversion of real estate into money without any conditions or contingencies was necessary to carry out the provisions of the will that the conclusion was reached in that case. The court held that the testator must have foreseen the necessity for the sale of his real estate to carry out his scheme in dividing his estate by bestowing the pecuniary legacies. But here the legacies might never become payable, in which case there need be no sale.

Lands subject to a power of sale pass to the devisee until the power is exercised, pending which exercise the devisee is entitled to the rents.

The conclusion of the orphans' court is in harmony with the adjudicated cases and the decree is affirmed.