## Bromiley's Estate

*D. Arthur Magaziner*, of *Mayer, Magaziner & Brunswick*, for exceptant.

*John H. Gossling*, of *Moore, Gossling & Panfil*, for exceptant.

*Rudolf Neff Corson*, contra.

VAN DUSEN, J., November 20, 1936.—The auditing judge held that the spendthrift provisions in the will applied only to J. Walter Bromiley's interest in the trust created in the fourth item and in no way to the legacy given to him in the second item. He awarded the legacy subject to the attachment. Later, however, he awarded the whole fund, principal and income, and apparently including the amount of this legacy, back to the accountant for further accounting. Technically, therefore, the award of the legacy and the expression of an opinion as to the effect of the spendthrift clause were premature. However, we agree with the conclusion of the auditing judge for the reasons given by him, and J. Walter Bromiley's exceptions are dismissed. We understand his third exception to be directed to the same point as the others.

Exceptions were filed by the creditor who attached the share of J. Walter Bromiley, complaining of the award to the accountant for further accounting. These exceptions were not argued.

Another exception of this party complains of the refusal to surcharge the accountant because of distribution of income before the payment of legacies. The account shows net income from personal estate of $1,678.47, and from real estate of $32,522.52, and distribution to the widow and residuary life tenants and to an annuitant totaling $31,200. There is no conversion of real estate by the will. The rents of real estate are not properly in the account. They are not assets for the payment of legacies: Watt's Estate, 168 Pa. 431; Neumann's Estate, 41 Pa. Superior Ct. 279.

With the consent of the auditing judge, the adjudication is modified by striking out the account of rents of real estate, and making the award of income to the accountant for further accounting without prejudice to the right of any party in interest to question distribution upon a later accounting. To the extent indicated these exceptions are sustained, otherwise they are dismissed and the account is confirmed absolutely.